No. 20,492.

KATHLEEN A. TERRY *v.* TIM TERRY.
(387 P. [2d] 902)

Decided December 30, 1963.

Mr. WILLIAM J. MADDEN, for plaintiff in error.

Mr. EDWARD B. ALMON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

KATHLEEN TERRY filed a complaint against her former husband, Tim Terry, and by such independent action sought equitable relief from the decree in divorce theretofore entered in a divorce proceeding between the parties, the relief sought pertaining to the question of alimony.

In response to the complaint Tim filed a motion to dismiss, alleging that the court had no jurisdiction over the subject matter for the reason: (1) "that the judgment from which plaintiff seeks relief is more than six months old and plaintiff is barred in this proceeding by Rule 60(b) of the Colorado Rules of Civil Procedure" and (2) that the issue of alimony was or "should have been before the court at the time of the entry of the aforementioned divorce decree" and hence the relief now prayed for is res judicata.

The trial court granted Tim's motion to dismiss and entered final judgment dismissing Kathleen's complaint. By writ of error Kathleen now seeks reversal of the judgment of dismissal.

In dismissing the complaint the trial court gave no indication as to its reason for so doing, at least insofar as the record before us discloses. In any event its action was erroneous and the judgment of dismissal must be reversed.

A brief excerpt from 30A Am. Jur., p. 699, may serve to put our problem in better focus:

"Although the jurisdiction of the courts of equity to interfere with proceedings at law was long disputed and greatly excited the jealousy of the common law judges,

the rule is of ancient origin and well established that there are many situations in which a court of equity may exercise jurisdiction for the purpose of affording relief from judgments. The judgment from the effect of which relief is sought does not constitute a bar to the equitable relief."

 The present proceeding is an independent action to obtain equitable relief from a prior judgment. It is not brought under Rule 60(b), Colo. R.C.P., and hence the six months time limitation contained in said rule has no application. Indeed, Rule 60(b) clearly recognizes that such is the case as it declares in so many words that "this rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding." Where, as here, an independent action to obtain relief from a judgment is resorted to, the limitations of time are those of laches and the statute of limitations, matters which cannot be raised by a motion to dismiss, but under Rule 8(c), Colo. R.C.P., must be affirmatively pled.

██ Similarly, Rule 8(c) states that res judicata is also an affirmative defense. Being such, it too must be affirmatively pled by way of answer and it may not be raised in a motion to dismiss. See *Fletcher v. The Colorado & Wyoming Railway Company,* 141 Colo. 72, 347 P. (2d) 156.

The judgment is reversed and the cause remanded with directions that Tim be afforded time to file an answer to Kathleen's complaint and that the issues posed by the complaint and answer be resolved in a manner consonant with the views herein expressed.

MR. JUSTICE HALL and MR. JUSTICE SUTTON concur.