VICTOR HAVAS, DBA COURTESY MOTORS, APPELLANT, v. RICHARD CARTER AND INSURANCE AGENCY, INC., A NEVADA CORPORATION, RESPONDENTS.

No. 5609

March 10, 1969          451 P.2d 711

*Calvin C. Magleby* and *Dorsey & Taylor,* of Las Vegas, for Appellant.

*Morse, Graves, Parraguirre & Rose,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

Victor Havas brought suit on a theft insurance policy against Insurance Agency, Inc., to recover the fair value of a 1962 Cadillac automobile allegedly stolen from his used car lot. The policy excluded coverage for loss by embezzlement. Trial was to the court without a jury. At the close of the plaintiff's case in chief the court granted the defendants' Rule 41(b)[1] motion for dismissal, stating: "The best that can be said for the plaintiff's case is that one explanation is as good as another as to what happened to the automobile. If this be the case, the plaintiff has not borne his burden. However, it is the court's opinion that under the plaintiff's case, primarily through cross-examination by the defendants' counsel, it has been established that there was reasonable inference that the automobile was embezzled."

At that point during trial the court was obliged to draw all permissible inferences for the plaintiff, could not pass upon the credibility of witnesses or weigh the evidence. Bates v. Cottonwood Cove Corp., 84 Nev. 388, 441 P.2d 622, 624 (1968). Tested by this standard, the court erred in dismissing the case, and we reverse.

---

[1] NRCP 41(b) in pertinent part reads: "After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury."

The relevant facts are these: Havas closed his used car lot at 11 o'clock on the evening of April 13, 1965. When he returned the next morning to reopen, one 1962 Cadillac was missing along with the keys to the car which had been kept in the used car lot office. The car had been on the lot the night before at closing time. Also missing was one Paul Merritt, car salesman, who occupied an apartment in another building on the lot. Merritt has not been heard from since, nor has the automobile been located. There is no evidence in the record to suggest that the automobile was entrusted to employee Merritt during the night when the lot was closed.

From these facts two permissible inferences for the plaintiff may be drawn—that Merritt stole the car, or that some unidentifiable person did so. In either event, a prima facie case of theft was before the court, and it was error to dismiss the action out of hand. Whether other defenses are available to the defendant insurance company is an issue not presently before us.

Reversed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.