CLIFMAR, INC., A NEVADA CORPORATION, APPELLANT, *v.* THEODORE B. LEE AND DORIS S. LEE, RESPONDENTS.

No. 9399

September 15, 1978                               584 P.2d 157

[Rehearing denied October 16, 1978]

*Jones, Jones, Bell, LeBaron, Close & Brown,* and *Robert A. Kimsey,* Las Vegas, for Appellant.

*Bell, Young & Barney, Ltd.,* Las Vegas, for Respondents.

---

## OPINION

*Per Curiam:*

Respondents commenced this action seeking judicial termination of a lease, restitution of the premises, and lease payments due and owing. A trial without jury resulted in judgment in favor of respondents. Appellant contends the evidence was insufficient to support the judgment. We disagree.

By written agreement dated June 29, 1973, respondents leased appellant 13,000 square feet of vacant, unimproved real property located in Las Vegas, Nevada. The lease provided, *inter alia,* that (1) the term would be ten (10) years, with monthly lease payments of $300; (2) the land would only be used as a parking lot; and, (3) all notices regarding the lease were to be in writing.

In February, 1974, appellant's president, James Schiff, discovered a water line running along the northern boundary of the property. The line, used to provide water service to adjacent property, encroached about one or two feet onto the leased property. Schiff considered the line to be a substantial interference with his use of the property and discontinued payment of rent.

Respondents attempted to settle the dispute with appellant and, after several months of unsuccessful negotiations, commenced this action. Appellant defended on the ground the presence of the water line constituted a constructive eviction and, further, it had, upon discovery of the line, orally terminated the lease and abandoned the property. This abandonment, it argued, impressed respondents with a duty to mitigate damages and, having failed to do so, respondents were precluded from recovering damages for unpaid rent.

After hearing contradictory testimony from the parties, the district court found the water line was a *de minimis* encroachment and there had been no constructive eviction. The court further found appellant had neither effectively terminated the lease nor abandoned the property; but rather, had continuously retained a possessory interest therein. Appellant vigorously contends these findings are not supported by the evidence.

Constructive eviction and abandonment are factual determinations to be made by the trier of fact. *See* Scott v. Prazma, 555 P.2d 571 (Wyo. 1976) (constructive eviction); Gangadean v. Erickson, 495 P.2d 1338 (Ariz.App. 1972) (abandonment). Where a trial court, sitting without a jury, makes such determinations upon conflicting evidence, those determinations will not be disturbed on appeal where, as here, they are supported by substantial evidence. Havas v. Engebregson, 94 Nev. 336, 580 P.2d 122 (1978); J & J Building Contractors, Inc. v. Savage Construction, Inc., 92 Nev. 590, 555 P.2d 488 (1976).

Respondents' request for attorney's fees on appeal is denied. The judgment is affirmed.