HANS KLEEMAN, APPELLANT, v.
H. D. ZIGTEMA, RESPONDENT.

No. 9476

April 18, 1979                    593 P.2d 468

*Nitz, Schofield & Nitz,* Las Vegas, for Appellant.

*Harvey Dickerson,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On May 25, 1969 appellant and respondent entered into an oral agreement for the purchase and sale of respondent's 36 foot motor boat for $4,000 down and $4,000 to be paid within 30 days.

Kleeman paid the initial $4,000 by check and took possession of the boat, although it is disputed whether immediate possession was contemplated by the parties. Zigtema contends that possession was unauthorized, and that Kleeman secretly boarded the boat, removed hidden keys and possessed the vessel, while Kleeman maintains that Zigtema handed him the keys when the parties satisfactorily concluded their negotiations.

Kleeman, on the reverse side of the check tendered as the down payment, typed the purported terms of the oral agreement including a warranty provision covering the boat's motors and gear boxes. The check was deposited by Zigtema, but the trial court, over objection, permitted him to testify that he complained to Kleeman that the warranty terms were not part of the original agreement. Zigtema further testified that Kleeman then orally withdrew the warranty provision and authorized Zigtema to deposit the check.

Kleeman, while in possession of the boat, expended substantial sums for repairs which in part included the motors and gear boxes. He did not, however, timely tender the remaining balance of the purchase price, claiming that Zigtema failed to comply with a condition precedent to furnish sufficient documentation to enable registration of the vessel in California. Zigtema contends that any condition pertaining to title documents and California registration was a condition subsequent or concurrent but not precedent.

Accordingly, Zigtema filed a breach of contract suit for the remaining balance and attached the boat. Apparently, process was not served as the parties attempted negotiation. Subsequently, nearly a year and a half after the remaining balance

was due, Kleeman tendered that amount plus interest and costs of suit, but Zigtema refused to accept the tender.

Zigtema subsequently dismissed the suit, discharged the attachment, took possession of the boat and sold it to a third party for $6,600. Kleeman then brought the instant action in June, 1974 for breach of the oral agreement, fraud and conversion.

The trial court adjudged that Kleeman was entitled to no relief other than a $2,600 unjust enrichment difference between what he owed Zigtema and what Zigtema received from the sale to the third party purchaser although Kleeman alleged that the actual market value of the boat was considerably above the sum received by Zigtema from the third party. In addition, the lower court awarded Zigtema his attorney's fees. Kleeman now challenges the judgment on appeal.

The principal issue before us is whether there is substantial evidence to support the judgment of the lower court. In its amended judgment and decree, the trial court found that possession and title did not transfer on the date of the oral agreement and that the purported terms on the reverse side of the $4,000 down payment check were not part of the contract. Further, the trial court found that time was of the essence, thus permitting Zigtema to reject Kleeman's late tender of the balance and resell the boat to a third party.

Although the evidence is conflicting, in these matters the trial court can best evaluate the credibility of the parties offering different versions of the facts and such determination by the lower court will not be disturbed on appeal. NRCP 52(a); General Elec. Supply v. Mt. Wheeler Power, 94 Nev. 766, 587 P.2d 1312 (1978); Simons v. Donrey, Inc., 94 Nev. 696, 582 P.2d 795 (1978); Clifmar, Inc. v. Lee, 94 Nev. 594, 584 P.2d 157 (1978).

The judgment of the trial court is supported by substantial evidence and is affirmed. However, the trial court's award to Zigtema of attorney's fees, being unauthorized by statute, is reversed. See NRS 18.010(2).

Where not inconsistent herewith, the lower court's findings are affirmed but its award of attorney's fees is reversed.