**Lavern L. MENDENHALL, Vonda Mendenhall, and Phyllis Maltby, Plaintiffs and Appellants,**

v.

**J. O. KINGSTON, and Elden Kingston, Defendants and Respondents.**

**No. 16100.**

Supreme Court of Utah.

April 10, 1980.

Lavern L. Mendenhall, pro se.

Vonda Mendenhall, pro se.

Phyllis Maltby, pro se.

Craig T. Vincent of Beaslin, Nygaard, Coke & Vincent, Salt Lake City, for defendants and respondents.

CROCKETT, Chief Justice:

Plaintiffs Lavern L. Mendenhall, Vonda Mendenhall and Phyllis Maltby brought an independent action pursuant to Rule 60(b), U.R.C.P. to set aside a foreclosure judgment and the subsequent sale of residential property in Salt Lake City to the defendant J. O. Kingston.

The defendants moved for summary judgment on the basis that the denial of a prior motion to vacate the judgment, which had been made by Lavern L. Mendenhall and Phyllis Maltby, was res judicata as to the plaintiffs in the present case. The trial court granted the defendants' motion.

The plaintiffs appeal, contending that Phyllis Maltby was not a party in the prior case and should not be bound by the prior judgment. They also claim that the judgment therein was obtained by fraud upon the court and is "void on its face" because service of the summons by publication was improper.

On March 9, 1967, J. O. Kingston brought an action to foreclose a second mortgage on the property above referred to in order to obtain judgment on the unpaid balance on three promissory notes totalling $1,914.32, which were secured by that mortgage. One of the defendants in that action, Endeavor, Inc., was a Nevada corporation authorized to conduct business in Utah.[1] When the notes and mortgage were executed and delivered to J. O. Kingston, Endeavor, Inc. owned the property in question, upon which already existed a $16,000 mortgage held by a savings and loan association.

Subsequently, however, the property was conveyed to Phyllis Maltby upon her divorce. She later conveyed her interest to her mother, Ruby M. Terry. Before the foreclosure action was brought, title had been conveyed to Lavern L. Mendenhall, Mrs. Maltby's uncle. When Mr. Kingston brought the action to foreclose, in addition to the $16,000 first mortgage on the proper-ty there were judgments in favor of Vonda Mendenhall against Lavern Mendenhall totalling $3,336.82 and other various liens and judgments totalling $2,171.50. It is not questioned that, except for the first mortgage, all liens and encumbrances were inferior to Mr. Kingston's claim. Endeavor, Inc., M. E. Maltby, Lavern L. Mendenhall and Vonda Mendenhall were among the named defendants.

In the prior action Mr. Kingston moved for an order directing publication of summons on affidavit that the addresses of the above named individual defendants were unknown, that Phyllis Maltby, the agent for service of process of the corporate defendant Endeavor, Inc. could not be found at her former address and that, in the exercise of due diligence, personal service could not be obtained upon the defendants, upon which basis the court ordered service of summons by publication.

After the summons had been duly published and the above named defendants failed to appear, their default was entered on June 18, 1967. Mr. Kingston's subsequent motion for summary judgment was granted on July 3, 1967. Therein, the court awarded judgment against Endeavor, Inc., and M. E. Maltby and ordered the sale of the mortgaged property.

About one month later, Phyllis Maltby's attorney advised Mr. Kingston's attorney that she claimed an interest in the property.[2] Her attorney was provided with a copy of the previously entered judgment and informed that the sheriff's sale was set for August 22, 1967. The property was sold to Mr. Kingston for $3,045.43, subject to the balance owing on the first mortgage.

About November 3, 1967, Mrs. Maltby's attorney again contacted Mr. Kingston's attorney and was informed that the property could be redeemed for the amount Mr. Kingston had paid plus interest.

---

1. The corporation was formed by Mr. and Mrs. Maltby, who were its president and secretary, respectively.

2. Her position is that she owned the property, but that her uncle held it in trust for her. It is to be noted that if this be true, she would be in privity with him and therefore bound in the same manner he is.

Notwithstanding the foregoing, nothing further was done in the action until over five years later. On February 6, 1973, Phyllis Maltby filed a motion to intervene in the action, asserting an interest in the property; and she joined with her uncle Lavern L. Mendenhall by a motion to vacate the earlier "judgment, order of sale, execution sale and order respecting possession." They urged that the court had no jurisdiction to enter the judgment because personal service could have been obtained upon the named defendants.

Mr. Kingston's rejoinder was that the motions were not timely under Rule 60(b) and that to grant such motions after such an extended period of time would result in unfairness and injustice. After hearings thereon, the court denied both motions on March 21, 1973. Notice of appeal of that ruling was filed and designation of record was made, but the appeal was dismissed in this Court on July 16, 1973. After another seven months elapsed, on February 24, 1974, the plaintiffs brought the present action.

Rule 60(b), U.R.C.P. authorizes a trial court to "relieve a party or his legal representative from a final judgment, order, or proceeding." Such relief may be sought on motion for any of the reasons enumerated in the rule. However, the rule also provides that it

. . . does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or to set aside a judgment for fraud upon the court. *The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these Rules or by an independent action.* [Emphasis added.]

■ There is no doubt about the salutary purposes of Rule 60(b) to redress any injustices that may have resulted because of excusable neglect, or the wrongs of an opposing party.[3] Nor that Rule 60(b) should be liberally construed to effectuate that purpose.[4] Neither is it to be doubted that the rule provides for two remedies, but they are alternative and not duplicative: that is, either to proceed in the action to obtain relief, or to bring an independent action as the rule expressly states. But the proposition applicable here is that a party may not pursue one remedy to an adjudication, and then pursue the other. When there has been an adjudication, it becomes res judicata as to those issues which were either tried and determined, or upon all issues which the party had a fair opportunity to present and have determined in the other proceeding.[5]

■ Whatever interest Phyllis Maltby may have had in the property in question, and the protection of such claims through her uncle, Lavern L. Mendenhall, had been asserted in the motions attacking the prior judgment. In the light of what has been said, it is clear that the trial court correctly ruled that the denial of those motions was res judicata as to the plaintiffs.

Affirmed. Costs to defendants.

MAUGHAN and HALL, JJ., concur.

STEWART, Justice (dissenting):

In my view the majority's opinion misapplies the doctrine of res judicata. Indeed, there is a complete absence of a sufficient foundation for application of the doctrine of res judicata. In short, the majority puts the plaintiffs out of court without their having had an opportunity to have had their claims adjudicated.

The plaintiffs, Lavern L. Mendenhall, Vonda Mendenhall, and Phyllis Maltby, had, prior to the initiation of this action sought to set aside a foreclosure judgment and subsequent sale of residential property to defendants pursuant to a motion made under Rule 60(b), Utah Rules of Civil Proce-

---

**3.** *Warren v. Dixon Ranch Co.,* 123 Utah 416, 260 P.2d 741, 742 (1953).

**4.** *Wagar v. Prudential Ins. Co.,* 276 Or. 827, 556 P.2d 658 (1976); *Haller v. Wallis,* 89 Wash.2d 539, 573 P.2d 1302 (1978).

**5.** *Wheadon v. Pearson,* 14 Utah 2d 45, 376 P.2d 946 (1962). See statement in 6B Moore's Federal Practice ⸰ 60.37(1).

dure. That motion was denied, apparently on the ground that it was not timely filed.

The instant case is an independent equity action filed for the purpose of setting aside the judgment. Among other things, it alleges negligence and fraud on the part of the defendant—claims not made in the Rule 60(b) motion.

The difficulty is that it is not clear what the basis was for the trial court's ruling denying the Rule 60(b) motion. The trial judge who granted defendants' motion for summary judgment in the instant case did not indicate in his memorandum decision the basis for his ruling. The defendants argued that the claims alleged in this action were barred by the statute of limitations and that the prior ruling under Rule 60(b) was res judicata with respect to the issues raised in the instant case. There is evidence in the transcript that the lower court's ruling was made on the basis of res judicata. In fact, in colloquy with counsel at a hearing subsequent to his order he so indicated several times.

If the trial judge in the preceding case, in ruling on the motions under Rule 60(b), denied the motions on procedural grounds, then it was clear error for the court below in this action to have dismissed the complaint on grounds of res judicata. Clearly, it would be patently erroneous for the trial judge to rule that causes of action which could not have been alleged in the Rule 60(b) motions were claims which should have been asserted in that proceeding and, because they were not, are barred in this action. That clearly is the antithesis of due process of law.

Barring the court door to a person who has not had a hearing on the merits of his claim is a denial of fundamental fairness and due process of law. I see no reason to assume that the trial judge who entered summary judgment in this case on grounds of res judicata had any valid grounds for knowing the basis of the ruling made by another trial judge on the Rule 60(b) motions. Certainly, there is no presumption that the trial court was correct since the issue is strictly a matter of law. In a sense

the real problem lies in our rules of procedure which fail to require a trial judge to specify the ground or grounds upon which a Rule 60(b) motion or a motion for summary judgment is granted when several grounds are asserted. It is hardly appropriate to hold a litigant responsible for that lapse.

In my view, this case should be remanded for an evidentiary determination of the grounds upon which the Rule 60(b) motion was denied for the purpose of determining whether res judicata is applicable. And in all events, the case should be remanded for a consideration of the grounds alleged in this case which were not contained in the Rule 60(b) motion.

WILKINS, J., concurs in the views expressed in the dissenting opinion of STEWART, J.