## E. A. THARPE, II, Appellant, v. PAN-PACIFIC AUDITORIUM, INC., Respondent.

No. 12130

February 20, 1981                    623 P.2d 973

*Charles M. Murphy,* Reno, for Appellant.

*Bradley & Drendel, Ltd.,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Action was brought againt Pan-Pacific by Tharpe who claimed in his complaint that Pan-Pacific "engaged the services of the plaintiff for the purpose of finding and introducing to the Defendant prospective purchasers" of certain property and that Pan-Pacific "agreed to pay to the plaintiff the reasonable value of such services performed."

Tharpe claims that when a portion of the property was ultimately sold to the United States Postal Service, his services were "a procuring cause" of the sale and that the property was sold "as a direct consequence and result of the introduction of United States Postal Service Representatives" by Tharpe.

Tharpe seeks the "reasonable value" of services that Pan-Pacific "agreed to pay."

The court made formal findings of fact that there was no such agreement and that if there were any contract between the

parties, the "only contract which may have existed" between the parties was a contract which required Tharpe "to produce a purchaser ready, willing and able to purchase all of the property for a price net to the seller with any broker's commission to come from the purchaser." The court then held with respect to any such contract that "(n)o such purchaser was ever produced by Plaintiff."

Added to these findings are the further findings that Pan-Pacific "never agreed to pay a finder's fee" to Tharpe and that Tharpe did not, in fact, "find and introduce to Defendant (Pan-Pacific) as a prospective purchaser the United States Postal Service." As long as such findings stand, Tharpe cannot prevail.

There is more than ample evidence to support the mentioned findings of fact, and we will not disturb them on appeal. Kleeman v. Zigtema, 95 Nev. 285, 593 P.2d 468 (1979); NRCP 52(a). The findings of fact support the conclusions and judgment.

Several evidentiary questions are raised. We find them without merit. If error be present, it is harmless. NRS 47.040, Rehling v. Brainard, 38 Nev. 16, 144 P. 167 (1914).

Affirmed.