268 LIMITED, a Limited Partnership, Appellant, v. JOSEPH F. SANSON, an Individual, and JOSEPH F. SANSON INVESTMENT CO., a California Limited Partnership, Respondents.

No. 12358

March 30, 1981                                  625 P.2d 1173

[Rehearing denied May 22, 1981]

*Callister & Reynolds,* Las Vegas, for Appellant.

*Wiener, Goldwater, Waldman & Gordon,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order granting respondents-defendants' NRCP 41(b) Motion to Dismiss appellant-plaintiff's complaint for specific performance predicated on an alleged contract to purchase a number of fourplex buildings.

Appellant's assignor entered into a contract with respondent Joseph F. Sanson for the purchase of the property. Before the escrow closed, a dispute arose whether the land upon which the buildings were situated was included in the contract of sale, as the record of title reflected that the land was owned by Joseph F. Sanson Investment Co., a limited partnership; the general partner being a corporation headed by Joseph F. Sanson, president.

After a tender of performance, appellant commenced this action for specific performance. Respondent Joseph F. Sanson Investment Co. moved under the provisions of NRCP 41(b) for dismissal of the action; the district court granted the motion and dismissed the action against both the Investment Company and Sanson, individually. We reverse and remand for trial.

In considering a NRCP 41(b) motion "the court is obliged to draw all permissible inferences for the plaintiff and is not to weigh the evidence at that juncture." Martin v. Ross, 96 Nev. 916, 917, 620 P.2d 866, 867 (1980).

One of the principal issues in the instant case was whether Sanson could bind the Investment Company. The testimony, as the record appears before us, suggests that Sanson could do so. Sanson testified that he has such authority.[1] Such evidence, if believed, supports a *prima facie* plaintiff's case. "A motion for

[1]Sanson testified as follows:
"Q: Who owns the lease?
"A: Joseph F. Sanson Investment Company, a limited partnership.
"Q: Do you have any interest in that limited partnership?
"A: As the general partner. I own the corporation. I am the major stockholder in the corporation as the general partner.
"Q: Do you have the authority to bind that limited partnership?
"A: As the general partner—as the president I would. General partner of a limited partner, yes."

an involuntary dismissal admits the truth of a plaintiff's evidence and all inferences that reasonably can be drawn therefrom, and the evidence must be interpreted in the light most favorable to the plaintiff.'' Gunlock v. New Frontier Hotel, 78 Nev. 182, 183-184, 370 P.2d 682, 683-684 (1962). The court erred in granting the Rule 41(b) dismissal. Lagrange Constr. v. Kent Corp., 83 Nev. 277, 429 P.2d 58 (1967).

The case is reversed and remanded for trial.