NEVADA INDUSTRIAL DEVELOPMENT, INC., a Nevada Corporation, Appellant, v. LINDA BENEDETTI, Respondent.

No. 17333

August 27, 1987 741 P.2d 802

*Erickson, Thorpe, Swainston, Cobb & Lundemo* and *Thomas P. Beko,* Reno, for Appellant.

*John C. Hope,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Nevada Industrial Development, Inc. ("NID") appeals dismissal, pursuant to NRCP 41(b), of its independent action for relief from a prior judgment and its action for restitution against Linda Benedetti. NID sought amendment of a prior judgment or, in the alternative, restitution on a theory of mutual mistake.

In late 1971, NID entered into a transaction with Benedetti whereby Benedetti sold certain properties to NID. The purchase price was $12,500.00 per acre. NID executed a promissory note for the principal amount which was secured by a deed of trust. Thereafter, Benedetti reconveyed one acre to NID for each payment of $12,500.00 of principal.

Prior to NID's final payment under the promissory note in April 1981, Benedetti notified NID that she refused to execute a reconveyance of the remaining parcels subject to the deed of trust until certain water rights were conveyed back to her. NID denied that water rights had been reserved to Benedetti. As a result of this dispute, Benedetti instituted a lawsuit seeking recovery of the

water rights or damages for their loss and an amount in excess of $51,000.00 plus interest due pursuant to the promissory note.

NID acknowledged that it owed the remaining amount of principal due on the promissory note and would pay that amount due if Benedetti would execute full reconveyance of the remaining property. Ultimately, Benedetti's counsel realized and agreed that the claims regarding water rights were meritless. On the "eve of trial," the parties agreed to settle the lawsuit by agreeing to stipulate to entry of judgment that (1) the claims regarding water rights would be dismissed with prejudice, (2) NID would pay the amount of principal plus interest due on the promissory note, and (3) Benedetti would execute a full and complete reconveyance of the remaining properties. The stipulation for entry of judgment and judgment stated that NID owed Benedetti "the amount of Eighty-Three Thousand Eight Hundred Seventy-Five Dollars ($83,875.00) plus interest."

NID and Benedetti agree that the principal amount of $83,875.00 is incorrect and that the correct amount is $51,105.70. NID calculated the erroneous amount by multiplying the unreleased acreage on a map by the purchase price per acre. The map was inaccurate because four years earlier 2.62 acres had been paid for by NID but had not been released by Benedetti. NID resorted to using the map to calculate the amount of principal due after the title company misplaced the escrow file.

Between six and seven months after final judgment had been entered, the mistake was discovered when the title company located the escrow file. A new accounting revealed the amount due was only $51,105.70. Benedetti refused to agree to a modification of the judgment.

The district court dismissed the action to modify the judgment pursuant to NRCP 41(b) on two grounds: first, that the action to modify the prior judgment was untimely pursuant to NRCP Rule 60; second, that the action to modify the prior judgment was barred under the doctrine of former adjudication. The district court did not rule on the issue of restitution for unjust enrichment.

NRCP Rule 41(b) provides that the defendant may move for a dismissal on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury. In ruling on a 41(b) motion a court must accept the plaintiff's evidence as true, draw all permissible inferences in favor of the plaintiff and not pass on the credibility of the witness nor weigh the evidence. 268 Limited v. Sanson, 97 Nev. 173, 625 P.2d 1173 (1981); Havas v. Carter, 85 Nev. 132, 451 P.2d 711 (1969). To defeat a 41(b) motion the plaintiff must have presented a prima

facie case upon which the trier of fact can grant relief. Griffin v. Rockwell International, Inc., 96 Nev. 910, 620 P.2d 862 (1980). NID introduced evidence of a prima facie case for mutual mistake.[1]

The district court erred by failing to address NID's claim to recover restitution for unjust enrichment. Such claim for restitution is not precluded by Rule 60(b) or by the doctrine of former adjudication. NID presented evidence of a prima facie case upon which equitable relief could be granted.[2]

The district court erred by ordering dismissal of NID's cause of action seeking modification of a prior judgment. Independent actions to modify prior judgments on a theory of mutual mistake are permissible under Rule 60(b).[3]

---

[1]At trial, NID presented evidence that (1) the parties agreed to stipulate to an entry of judgment based upon the amount of principal due pursuant to the promissory note, (2) NID mistakenly believed that the parcel map upon which it calculated the principal amount due was accurate, (3) Benedetti mistakenly believed that the stipulated amount included both the principal and interest due, and (4) the mistake was discovered after the six-month limitation period for motions pursuant to Rule 60(b) had expired; thus, there was no remedy at law.

[2]Unjust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another. Union America Mortgage & Equity Trust v. McDonald, 97 Nev. 210, 212, 626 P.2d 1272, 1273 (1981). Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience. Rankin v. Emigh, 218 U.S. 27 (1910). Money paid through misapprehension of facts belongs, in equity and good conscience, to the person who paid it. 66 Am.Jur.2d *Restitution & Implied Contracts* § 119 (1973).

Under the prior stipulated judgment, Benedetti received a benefit of more money for the remaining land to be reconveyed than she was entitled to according to the original bargain. The original bargain entitled her to $51,105.70 for the remaining parcels rather than $83,875.00. Benedetti received a windfall of $32,769.30 because of the mistake in calculating the amount of principal due for the remaining land to be reconveyed. NID did not compromise on any issue which would justify settlement for a higher figure than that of the original bargain.

Benedetti did not dispute at trial that the correct amount of principal due on the promissory note for the reconveyance of the remaining parcels of land was $51,105.70. Benedetti did not present evidence that she would suffer prejudice or hardship if she had to repay the windfall amount.

[3]NRCP 60(b)(1) provides that:

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake . . . The motion shall be made within a reasonable time, and for [the reason of mistake] . . . not more than six months after

When the statutory period within which to obtain relief from a judgment under 60(b) has run, relief may be granted in an independent action on the basis of mutual mistake. Wisconsin v. Michigan, 295 U.S. 455 (1935); West Virginia Oil & Gas Co. v. George E. Breece Lumber Co. 213 F.2d 702 (5th Cir. 1954); 7 J. Moore & S.D. Lucas, Moore's Federal Practice ¶ 60.37[1] (1983); *see* Kulchar v. Kulchar, 462 P.2d 17, 19 (Cal. 1969); *cf.* Johnson Waste Materials v. Marshall, 611 F.2d 593 (5th Cir. 1980) (mere negligence does not preclude reformation of judgment in a Rule 60(b) independent action when evidence of partial prior payment of an obligation from which a judgment arose is virtually conclusive). A court, in an independent action, may modify a final judgment in a former proceeding on the ground of mistake as well as fraud, at least where mutual mistake is shown and where the party seeking relief is without fault or negligence. *West Virginia Oil,* 231 F.2d at 706; *see* Moore and Rogers, *Federal Relief from Final Judgment,* 55 Yale Law Journal 623, 655-59 (1946).

The salutary purpose of Rule 60(b) is to redress any injustices that may have resulted because of excusable neglect or the wrongs of an opposing party. Mendenhall v. Kingston, 610 P.2d 1287, 1289 (Utah 1980). Rule 60 should be liberally construed to effectuate that purpose. *Id.* NID was responsible for the erroneous calculation of the principal owed, but this negligence is not "inexcusable" as a matter of law.

Rule 60(b) contemplates two distinct procedures for obtaining relief from final judgment—by motion and by independent action. Bankers Mortgage Co. v. United States, 423 F.2d 73, 77-78 (5th Cir. 1970), *cert. denied,* 399 U.S. 927 (1970); St. Pierre v. Edmonds, 645 P.2d 615, 618 (Utah 1982); *Mendenhall,* 610 P.2d at 1289; Hayashi v. Hayashi, 666 P.2d 171, 175 (Haw.Ct.App. 1983); *cf.* Atlas Construction Company v. District Court in and for Boulder County, 589 P.2d 953 (Colo. 1979) (independent action is expressly permitted by Rule 60 but is not brought under Rule 60(b)). An independent action is considered to be a new civil action, not a motion under Rule 60(b). *Atlas,* 589 P.2d at 955. When a proceeding is an independent action to obtain

the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

equitable relief from a prior judgment, it is not brought under Rule 60(b) and hence the time limitation contained in the rule has no application. Terry v. Terry, 387 P.2d 902, 903 (Colo. 1963); *see Johnson Waste, supra;* Carr v. District of Columbia, 543 F.2d 917 (D.C.Cir. 1976); Kupferman v. Consolidated Research & Mfg. Corp., 459 F.2d 1072 (2d Cir. 1972); Chrysler Corp. v. Superior Dodge, Inc., 83 F.R.D. 179 (Md.D.C. 1979); United States ex rel. Bonner v. Warden, 78 F.R.D. 344 (N.D.Ill. 1978).

The only time limitations on independent actions under Rule 60(b) are laches or a relevant statute of limitations. *St. Pierre,* 645 P.2d at 618; *Terry,* 387 P.2d at 903. Laches requires not only passage of time but either prejudice to the defendant or an acquiescence in the alleged wrong. *Hayashi,* 666 P.2d at 176. The district court found that NID's action to modify was "untimely" since such actions could only be brought as motions under Rule 60. The district court did not consider the question of laches; the evidence does not support laches as a matter of law.[4]

In sum, the district court erred by holding that NID's cause of action to modify a previous judgment on the basis of mutual mistake could only be filed as a motion within the six month time period in Rule 60.

An equitable independent action for relief from a prior judgment is not precluded by the doctrine of former adjudication. Generally, a judgment entered is res judicata with respect to all issues which were or could have been litigated. McDonald v. Barlow, 705 P.2d 1056, 1059 (Idaho App. 1985) (fraudulent misrepresentation during property settlement negotiations). In limited circumstances, however, relief from a judgment may be obtained in an equitable independent action. *Id.* (citing I.R.C.P. 60(b) which is comparable to NRCP 60(b)). In such instances, the policies furthered by granting relief from the judgment outweigh the purposes of res judicata. *Id.*

If equity allows modification of a judgment on a theory of mutual mistake, accordingly, res judicata does not bar such an equitable proceeding.

The district court order granting dismissal of NID's causes of action is reversed, and the matter is remanded for a determination on the merits.[5]

[4]NID discovered the mistake in late March, between six and seven months after judgment had been entered, commenced negotiations with Benedetti soon after the mistake was discovered, and filed an independent action in early May.

[5]The district court reserved ruling on the 41(b) motion until after the trial.