Charles F. GREEN, Jr.,
Plaintiff–Appellee,

v.

Sandra HARTEL–GREEN, a/k/a Sandra
H. Green, Defendant–Appellant.

and

In re the MARRIAGE OF Sandra H.
GREEN, n/k/a Sandra
Hartel–Green, Petitioner,

and

Charles F. Green, Jr., Respondent.

No. 85CA0817.

Colorado Court of Appeals,
Div. IV.

Jan. 21, 1988.

As Modified on Denial of Rehearing
March 10, 1988.

Certiorari Denied Sept. 12, 1988.

McGuane and Malone, Frank L. McGuane, Jr., Denver, for plaintiff-appellee.

McDonald and Cox, P.C., Phyllis Cox, Denver, for defendant-appellant.

TURSI, Judge.

Sandra Hartel–Green (wife) appeals the trial court orders modifying the mainte-

nance obligation of Charles F. Green (husband) and denying wife's request for attorney fees. We reverse and remand with directions.

The parties' 19–year marriage was dissolved in 1979. The separation agreement incorporated in the decree required husband to pay wife $1304 per month maintenance, adjusted annually for inflation. The agreement also provided:

"This is the final agreement of the parties and is not to be modified or amended as to any of its terms concerning the disposition of property or award of maintenance."

In 1981, husband moved for relief from the maintenance obligation. The trial court concluded that under the terms of the separation agreement, it did not have jurisdiction to modify maintenance.

Husband then brought an independent, equitable action to set aside the decree on grounds of fraud or mistake. The trial court found that husband had assumed that maintenance would be modifiable although the parties did not discuss it, and that inclusion of the non-modification provision in the agreement was a mistake. The trial court concluded that husband was entitled to equitable relief, set aside the non-modification provision, and ordered a hearing on modification of maintenance. The trial court also consolidated the dissolution and independent proceedings.

After hearing, the trial court ordered monthly maintenance of $1500 until May 1986, $1000 until May 1987, and $500 until May 1988, when maintenance would terminate.

## I

On appeal, wife first contends that the trial court lacked jurisdiction to consider husband's independent equitable action. We disagree.

■ An independent, equitable action may be brought to attack a facially valid decree on grounds of fraud or mistake. *Dudley v. Keller,* 33 Colo.App. 320, 521 P.2d 175 (1974). Here, husband's action was permissible and not barred by collateral estoppel. *See Terry v. Terry,* 154 Colo. 41, 387 P.2d 902 (1963); *cf. Kalevik v. Kalevik,* 719 P.2d 382 (Colo.App.1986).

## II

■ Wife next contends that husband failed to show fraud or mistake and an absence of fault or negligence on his part, as necessary to entitle him to equitable relief. While we accept the trial court's finding that a mistake was made, we agree with wife that that mistake is not such as to entitle husband to relief.

The criteria for relief from judgment in an independent, equitable action are:

"1) That the judgment ought not, in equity and good conscience, be enforced; 2) that there can be asserted a meritorious defense to the cause of action on which the judgment is founded; 3) that fraud, accident, or mistake prevented the defendant in the action from obtaining the benefit of his defense; 4) that there is an absence of fault or negligence on the part of defendant; 5) and that there exists no adequate remedy at law."

*Dudley v. Keller, supra.*

Here, the trial court applied these criteria, taking into account that *Dudley v. Keller, supra,* concerned relief from default judgment. However, the trial court erred in concluding that husband's tacit assumption that maintenance could be modified and his failure to seek counsel or consider the plain words of the separation agreement entitled him to relief. We conclude that husband's "mistake" in entering into the separation agreement was not such as to entitle him to relief from the non-modification provision. *Cf. Dudley v. Keller, supra.* Therefore, the original provision of the separation agreement remains in effect and precludes modification of maintenance. *See In re Marriage of Thompson,* 640 P.2d 279 (Colo.App.1982).

Because of our resolution of this issue, we need not consider wife's remaining contentions concerning modification of maintenance.

## III

Wife finally contends that the trial court erred in the April 25, 1985, order in failing

to award her attorney fees under § 14–10–119, C.R.S. (1987 Repl.Vol. 6B), in connection with the domestic relations proceeding to modify maintenance. We agree that, in the light of our reversal of the modification, the trial court should reconsider wife's request. In so doing, the court may consider which party initiated the action, and which party prevailed. *See In re Marriage of Corbin,* 42 Colo.App. 200, 591 P.2d 1046 (1979); *In re Marriage of Peterson,* 40 Colo.App. 115, 572 P.2d 849 (1977). Where, as here, there is a wide disparity between the parties' earning capacities, an award of attorney fees is permissible. *In re Marriage of DaFoe,* 677 P.2d 426 (Colo. App.1983). The trial court's order of May 6, 1985, concerning fees for the equitable action only is not appealed here.

The orders modifying the separation agreement and maintenance and denying wife's attorney fees are reversed. The cause is remanded to the trial court with directions to reinstate the maintenance provided in the separation agreement and to reconsider wife's application for attorney fees.

KELLY and METZGER, JJ., concur.