DONNA MARIE ANTRACCOLI PETERSEN, Appellant, v. STEVEN F. PETERSEN, Respondent.

No. 19028

March 30, 1989                    771 P.2d 159

*Richard W. Young,* Reno, for Appellant.

*Petersen and Petersen,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying appellant's motion to set aside a judgment and decree of divorce pursuant to NRCP 60(b). After five years of marriage, appellant, Donna Marie Petersen (Wife), informed her husband, Steven Petersen (Husband), that she wished to be divorced. Husband, an attorney experienced in handling divorce cases, drew up the papers and a property settlement agreement. Wife alleges that she was urged by Husband to sign the papers and agreement without the benefit of counsel. Wife also alleges that Husband failed to disclose to her an accurate description of their community assets.

Only three days after Wife initially asked for the divorce, Husband filed the complaint and property settlement agreement in the district court. A default was entered, and judgment was ordered the same day. During these proceedings, Wife was never represented by counsel.

Approximately ninety days later, while reflecting on the fairness of the property settlement agreement drafted by Husband, Wife obtained a copy of a financial statement which previously had been drawn up for the couple. The statement revealed that the couple had a net worth of $758,900.00; yet Wife had received only $82,666.00 under the property settlement agreement.

Wife immediately hired an attorney to determine whether the distribution of the community property under the settlement agreement was fair. Wife was advised by her attorney that it was not. Wife's attorney then went about preparing a motion, based upon NRCP 60(b), to set aside the divorce judgment and decree. Wife's attorney waited approximately ninety days before filing the motion. As a result, Wife's motion was filed one day short of six months after the judgment of divorce was entered.

The district court judge denied Wife's motion solely upon his finding that although the motion was filed within the six-month time limit of NRCP 60(b), it was not filed within "a reasonable time" as required by the statute. Wife now asserts that the district court judge abused his discretion by so ruling.

"The salutory purpose of Rule 60(b) is to redress any injustices that may have resulted because of excusable neglect or the wrongs of an opposing party. Rule 60 should be liberally construed to effectuate that purpose." Nevada Industrial Development, Inc. v. Benedetti, 103 Nev. 360, 364, 741 P.2d 802, 805 (1987) (citations omitted). Here, Wife alleges a substantial wrong, that she was defrauded by Husband. The issue of Wife's claim of fraud is not now before this court, and accordingly, this court will not comment on the merits of the claim. However, it

concerns us that such a weighty allegation has been dismissed, apparently without any consideration of the merits.

We hold that, under the facts of this case, it was error for the district court to dismiss Wife's motion on the basis of untimeliness. Wife's motion was filed within the outermost limit of six months as prescribed by Rule 60(b). Moreover, it appears that Wife sought to assert her rights only ninety days after the judgment was filed. The questionable timeliness of the motion was due, for the most part, to Wife's attorney's delay in preparing the motion. Furthermore, Wife has not yet been given the opportunity to challenge the fairness of the settlement agreement since the original agreement was taken by default. Under such circumstances, the trial judge's denial of Wife's motion on the basis that it was not filed within a "reasonable time" produces harsh results which are inconsistent with the spirit of Rule 60(b).

For these reasons, we reverse the district court's ruling and remand the case back to the district court to determine whether Wife's allegations of injustice are substantial enough to support her motion to set aside the judgment and decree of divorce.