# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ATHANASIOS SKARPELOS, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>WEISER ASSET MANAGEMENT, LTD., A BAHAMAS COMPANY; AND WEISER (BAHAMAS) LTD., A BAHAMAS COMPANY,<br>Respondents. | No. 79425<br><br>FILED<br><br>MAR 03 2022<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |
| WEISER ASSET MANAGEMENT, LTD., A BAHAMAS COMPANY; AND WEISER (BAHAMAS) LTD., A BAHAMAS COMPANY,<br>Appellants,<br>vs.<br>ATHANASIOS SKARPELOS, AN INDIVIDUAL,<br>Respondent. | No. 79526 |

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

These consolidated appeals stem from a civil interpleader action involving competing claims of ownership to a stock certificate representing disputed shares of a pharmaceutical company by appellant/respondent Athanasios Skarpelos and respondents/appellants Weiser Asset Management, Ltd. (WAM) and Weiser (Bahamas) Ltd. (collectively, Weiser). Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

In 2009, Anavex Life Sciences Corporation issued stock certificate no. 753 (the disputed stock) to Skarpelos. In 2011, Skarpelos funded a WAM brokerage account with the disputed stock certificate. In 2013, Skarpelos had the stock certificate voided and had a new certificate

22-06874

issued to him. Weiser contended that, shortly thereafter, it sold the disputed stock shares and credited Skarpelos with the $249,580 paid for the shares. When Skarpelos failed to provide the shares, Weiser contacted the company that issued the stock certificate, Nevada Agency and Transfer Company (NATCO), and demanded it put the stock certificate in Weiser's name.

NATCO filed an interpleader action against Skarpelos and Weiser to establish ownership of the disputed stock. Skarpelos and Weiser filed crossclaims against each other. The case proceeded to trial on the crossclaims, at the conclusion of which the district court dismissed Weiser's claims and awarded declaratory relief and attorney fees to Skarpelos. However, the district court, sua sponte, also awarded restitution to Weiser. We affirm in part, reverse in part and remand.

*The district court properly admitted the accounting statement*

The district court's admission of the WAM account statement over Skarpelos's hearsay objection was not a manifest abuse of discretion because the court properly determined the statement to be a business record under NRS 51.135. This court "review[s] a district court's decision to admit evidence for an abuse of discretion." *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 232, 445 P.3d 846, 848 (2019). Considerable deference is given to the district court's evaluation of evidence. *Thomas v. Hardwick*, 126 Nev. 142, 151, 231 P.3d 1111, 1117 (2010).

NRS 51.135 provides an exception to the hearsay rule for a "memorandum, report, record or compilation of data . . . made at or near the time [of the acts, events, conditions, opinions or diagnosis] by . . . a person with knowledge, all in the course of a regularly conducted activity, as shown by the testimony or affidavit of the custodian or other qualified person." The 2013 account statement provided a summary of the amount of cash on

SUPREME COURT
OF
NEVADA

(O) 1947A

deposit for Skarpelos's account and a list of the transactions made from February 1, 2013, to December 31, 2013. The district court found that the statement was made at or near the time of the event, in the course of business, based on the testimony of Weiser's principal, Christos Livadas, that WAM's previous owner provided a printout of the computer records for all accounts at the time he acquired WAM in 2014. Livadas testified at trial that account statements are generally created from the brokerage firm's transaction records. The record demonstrates that the 2013 account statement is reliable because the document was provided along with those of other WAM clients to establish the value of WAM upon purchase. Livadas further testified that WAM's records are audited annually to ensure the firm's accounts and assets balance, and the audit conducted for 2013 revealed no discrepancies requiring corrective action. *See United States v. Kail*, 804 F.2d 441, 448 (8th Cir. 1986) (stating that "[f]oundation . . . may also be established by circumstantial evidence, or by a combination of direct and circumstantial evidence."). Livadas need not have firsthand knowledge of the events being entered into the database to qualify as a person with knowledge under NRS 51.135. *See Daisy Tr.*, 135 Nev. at 235-36, 445 P.3d at 850. We conclude that Livadas's testimony demonstrated that he had a general knowledge of WAM's recordkeeping system. *See, e.g., Thomas v. State*, 114 Nev. 1127, 1148, 967 P.2d 1111, 1124 (1998) ("A 'qualified person' required to authenticate the writing has been broadly interpreted as anyone who understands the record-keeping system involved."). The district court did not abuse its discretion in admitting the 2013 account statement as a business record under NRS 51.135.

*The district court did not err in granting equitable relief to Weiser*

The district court did not err in granting equitable relief to Weiser. *See* Nev. Const., art. 6, § 6 (noting that the district court has "original jurisdiction in all cases excluded by law from the original jurisdiction of justices' courts."). Generally, a district court with equitable "jurisdiction of a controversy on any ground and for any purpose . . . retain[s] jurisdiction for the purpose of administering complete relief." *Seaborn v. First Judicial Dist. Court*, 55 Nev. 206, 222, 29 P.2d 500, 505 (1934). Likewise, NRCP 54(c) requires courts to "grant the relief to which each party is entitled, even if the party has not demanded such relief in its pleadings." *See also Yount v. Criswell Radovan, LLC*, 136 Nev. 409, 420, 469 P.3d 167, 175 (2020) (recognizing that NRCP 54(c) "also supports affirmance [by] . . . allow[ing] a district court to award a party the relief to which they are entitled").

Here, the matter before the district court was an equitable, interpleader action. We agree with the district court's determination that restitution was a foreseeable equitable ruling in an action already predicated on equitable principles. *See Landex, Inc. v. State ex rel. List*, 94 Nev. 469, 477, 582 P.2d 786, 791 (1978) ("In the absence of [a statutory] restriction a court of equity may exercise the full range of its inherent powers . . . to accomplish complete justice between the parties, restoring if necessary the *status quo* . . . ."). Even though Weiser did not assert a crossclaim for unjust enrichment against Skarpelos, it did assert unjust enrichment as an affirmative defense to Skarpelos's crossclaim. *See MacDonald v. Krause*, 77 Nev. 312, 318, 362 P.2d 724, 727 (1961) (stating that a court sitting in equity may "afford complete equitable relief in one action" for claims of unjust enrichment); *see also Grouse Creek Ranches v. Budget Fin. Corp.*, 87 Nev. 419, 427, 488 P.2d 917, 923 (1971) (stating that

when an "issue was raised and tried, the court [is] empowered by NRCP 54(c) to grant the relief granted, if such relief [is] legally warranted."). The district court found that Weiser proved by a preponderance of the evidence that Weiser credited Skarpelos's WAM account nearly $250,000 in April 2013, and that the evidence showed that Skarpelos received the benefit of the money through a series of withdrawals made from the account. *See Nev. Indus. Dev., Inc. v. Benedetti*, 103 Nev. 360, 363 n.2, 741 P.2d 802, 804 n.2 (1987) ("Unjust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another."). Accordingly, we conclude that the district court, through its exercise of proper equitable jurisdiction, granted the relief to which both sides were entitled, despite discrepancies between pleadings and proof. *See Magill v. Lewis*, 74 Nev. 381, 387-88, 333 P.2d 717, 720 (1958) (recognizing that NRCP 54(c) requires, "that in a contested case the judgment is to be based on what has been proved rather than what has been pleaded"); *see also Benedetti*, 103 Nev. at 363 n.2, 741 P.2d at 804 n.2 ("Money paid through misapprehension of facts belongs, in equity and good conscience, to the person who paid it."). Therefore, we affirm the district court's order awarding restitution to Weiser.

*The district court properly awarded ownership of the disputed stock to Skarpelos*

The district court did not err in granting Skarpelos's request for declaratory relief and awarding ownership of the disputed stock because it correctly determined that there was no evidence that a valid contract existed between Skarpelos and either of the Weiser entities and that Skarpelos was never divested of ownership. "Contract interpretation is subject to a de novo standard of review. *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). "However, the question of whether a

contract exists is one of fact, requiring this court to defer to the district court's findings unless they are clearly erroneous or not based on substantial evidence." *Id.* at 672-73, 119 P.3d at 1257.

We see no reason to overturn the district court's determination to award the stock to Skarpelos, because the requirements for the transfer of said ownership were not met. *See* NRS 78.240 (providing that shares of stock are "personal property" and may be transferred "as provided in chapter 104 of NRS"); NRS 104.8304(3) (providing that a valid transfer requires delivery of both the stock certificate and the endorsement "if the endorsement is on a separate document"); NRS 104.8102(1)(g) (defining "'[e]ndorsement'" as "a signature that alone or accompanied by other words is made on a security certificate in registered form or on a separate document for the purpose of assigning, transferring or redeeming the security or granting a power to assign, transfer or redeem it."). Weiser failed to prove an essential term of a contract for the sale of restricted stock because it did not provide the name of the alleged third-party buyer which, according to NATCO's counsel's trial testimony, is one of the steps required to transfer ownership. Weiser's contention that it obtained ownership of the stock through the April 2013 sale relied on Livadas's testimony that the credit in Skarpelos's account was provided in exchange for the disputed stock's ownership. Yet, Livadas conceded at trial that neither WAM nor Weiser Capital owned the stock at issue in the lawsuit. The district court found no evidence of a written sale contract for the disputed stock but determined that there was an oral agreement in April 2013. Because the district court was in the best position to weigh the contradictory evidence presented by Weiser, and its assessment is not clearly erroneous, we defer to the district court's finding that no evidence supported Weiser's ownership

claim. *See Kleeman v. Zigtema*, 95 Nev. 285, 287, 593 P.2d 468, 469 (1979) (stating that a district court's credibility determinations "will not be disturbed on appeal"). For these reasons, we affirm the district court's award of ownership of the disputed stock to Skarpelos.

*The district court abused its discretion in awarding attorney fees to Skarpelos*

"The decision to award attorney fees is within the sound discretion of the district court and will not be overturned absent a manifest abuse of discretion." *Kahn v. Morse & Mowbray*, 121 Nev. 464, 479, 117 P.3d 227, 238 (2005) (internal quotation marks omitted). In this case, the district court abused its discretion in awarding attorney fees to Skarpelos, because the record does not support that Weiser unreasonably maintained its claim to ownership of the disputed stock by virtue of the July purchase and sale agreement. *See Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 487, 851 P.2d, 459, 464 (1993) (reversing award of attorney fees after concluding that nothing in the record supported the district court's finding of "unreasonableness and motivation to harass.").

NATCO initiated this litigation, not Weiser or Skarpelos. In its response to Skarpelos's crossclaim, Weiser asserted unjust enrichment as an affirmative defense. Regardless of whether Weiser changed its legal theory during trial, the district court found that credible evidence showed that an agreement to sell the disputed stock existed in April 2013 and that Weiser deposited approximately $250,000 in reliance on that agreement. *See Capanna v. Orth*, 134 Nev. 888, 895, 432 P.3d 726, 734 (2018) ("[A counter]claim is frivolous or groundless if there is no credible evidence to support it.") (quoting *Rodriguez v. Primadonna Co.*, 125 Nev. 578, 588, 216 P.3d 793, 800 (2009)). After determining that Skarpelos was never divested of ownership of the disputed stock, the district court sua sponte awarded

SUPREME COURT
OF
NEVADA

(O) 1947A

7

Weiser restitution of $245,464.64 to prevent Skarpelos from becoming unjustly enriched and obtaining a windfall. *See Frantz v. Johnson*, 116 Nev. 455, 472, 999 P.2d 351, 362 (2000) ("A counterclaim cannot be frivolous as a matter of law when the party asserting the counterclaim actually prevails on the counterclaim."). The district court granted the relief to which both sides were entitled, despite discrepancies between pleadings and proof. Therefore, we reverse the district court's award of attorney fees. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:   Chief Judge, Second Judicial District Court
      Second Judicial District Court, Department 10
      Lansford W. Levitt, Settlement Judge
      Woodburn & Wedge
      Holland & Hart LLP/Reno
      Washoe District Court Clerk