## No. 28373

**Atlas Construction Company, Inc., a Wyoming corporation; M. V. Federer; Francis Ferguson; and Consolidated Construction Co., a Wyoming corporation v. The District Court in and for the County of Boulder, State of Colorado; and The Honorable Richard W. Dana, a Judge of said court**

(589 P.2d 953)

Decided January 29, 1979.

Mitchem and Mitchem, P.C., Allen P. Mitchem, for petitioners.

Kirk Wickersham, Jr., for respondents.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

The petitioners, Atlas Construction Company, *et al.* seek relief from this court in the nature of prohibition, alleging that the District Court of Boulder County acted in excess of its jurisdiction. The district court, on August 28, 1978, granted plaintiff's C.R.C.P. 60(b) motion to vacate a judgment entered by it on July 20, 1977. The 1977 judgment dismissed with prejudice the plaintiff's action against the petitioners for failure to prosecute. The 1978 order vacated that dismissal, reopening the case. We issued a rule to show cause, and we now make the rule absolute.

Plaintiff, Boulder Park Company, is a limited partnership, organized to construct and operate an apartment complex in Boulder. Petitioners are the general contractor, the subcontractor, and the presidents of these corporations.

The original complaint in this action was filed September 29, 1976. The plaintiff alleged that certain notes and deeds of trusts given by it to the petitioners were void because they were procured through coercion and duress and as a result of fraudulent misrepresentation by the petitioners. The complaint also alleged that the notes and deeds of trusts were in violation of certain agreements between the plaintiff and the Federal Housing Administration (FHA), in violation of FHA regulations, and in breach of fiduciary obligations owed to the plaintiff by the petitioners. The plaintiff claimed damages for loss of rentals and costs incurred in completing petitioners' work.

The petitioners were never served and did not answer the complaint. On June 17, 1977, the respondent court sent to one of plaintiff's attorneys of record a notice to show cause why the case should not be dismissed for failure to prosecute. There was no response to this notice, and on July 20, 1977, the complaint was dismissed with prejudice.

One attorney of record had withdrawn from the case and left town before the notice to show cause was received. The other attorney of record, who had been a member of the same law firm, testified at the Rule 60 hearing that although the notice to show cause was in the office files, it had never been brought to his attention. He further testified that he had never received the Order of Dismissal with Prejudice.

There has been substantial other activity concerning these parties. Prior to the filing of the complaint in this action, petitioner Atlas Construction Co. commenced foreclosure proceedings and an action for appointment of a receiver (Civil Action No. 76-2479-2). That matter was temporarily resolved through agreement of the parties, brought about in part by pressure exerted by HUD.[1] In May of 1977, Atlas instituted a civil action on the debt against plaintiff. Recently, Atlas has begun new foreclosure proceedings, this time through the public trustee.

In vacating the 1977 judgment, the district court said that it could not find willful default on plaintiff's part:

"It is beyond dispute that this case was allowed to stand inactive for two years as a result of *mistake* and error of Plaintiff's Counsel. Any neglect in this matter was due to the inaction of Plaintiff's Counsel, *such neglect being understandable* in light of the extreme pressure and duress brought to bear upon Plaintiff by HUD, the number of suits arising out of this project, and the necessity of procuring substitute counsel for Plaintiff due to the conflict of interest." (Emphasis added.)

The court held that the motion could be considered to be an independent equitable action for relief under Rule 60. It therefore granted plaintiff's motion to vacate its 1977 judgment of dismissal with prejudice.

■ We agree with petitioners that the district court exceeded its jurisdiction in vacating the judgment under Rule 60(b). That rule reads:

"(b) Mistakes; Inadvertence; Surprise; Excusable Neglect; Fraud; etc. On Motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (1) *Mistake, inadvertence, surprise, or excusable neglect;* . . . or (5) *any other reason justifying relief* from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this section (b) does not affect the finality of a judgment or suspend its operation. This Rule does not limit the power of the court: (1) To entertain an independent action to relieve a party from a judgment, order, or proceeding, . . . *and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.*" (Emphasis added.)

■ This court specifically held in *Terry v. Terry,* 154 Colo. 41, 387 P.2d 902 (1963), that "[a]n independent action to obtain equitable relief from a prior judgment is not brought under Rule 60(b)." Rather it is a

---

[1] Soon after plaintiff filed its complaint, HUD advised it that such action and the mortgage held by petitioners were contrary to HUD's policies, rules and regulations. HUD threatened to foreclose on its first mortgage if the action was pursued. The proceedings then fell into a state of confusion, followed by a "veritable plethora" of actions arising from the project.

new action, commenced in the same manner as any other civil action.

*Dudley v. Keller,* 33 Colo. App. 320, 521 P.2d 175 (1974), which the district court cited to support its ruling, was *not* a Rule 60 case, but was another independent equitable action. The court in *Dudley* noted that an independent equitable action is expressly permitted by Rule 60 and under the inherent equitable powers of the courts, but made clear that the independent action is a fresh and direct attack upon the prior judgment. There was no independent action filed in the case at bar. Therefore, the district court erred in granting relief on this ground.

■ Nor can the district court's order be upheld under any other applicable provision of Rule 60(b). The court made a specific finding of mistake and "understandable" neglect. Under clause (1) of 60(b), a motion to vacate on these ground must be filed within six months, or it is barred. The Colorado courts have strictly adhered to this time limit. *Love v. Rocky Mountain Kennel Club,* 33 Colo. App. 4, 514 P.2d 336 (1973) (where a Rule 60 motion filed seven months after entry of judgment was held to be untimely); *Schaffer v. District Court,* 172 Colo. 43, 470 P.2d 18 (1970); *Peercy v. Peercy,* 154 Colo. 575, 392 P.2d 609 (1964); *Burson v. Burson,* 149 Colo. 566, 369 P.2d 979 (1962); *Fiant v. Town of Naturita,* 127 Colo. 571, 259 P.2d 278 (1953). Here the plaintiff's motion was too late.[2]

The only other provision of Rule 60(b) which could sustain the district court's order is clause (5). There are no Colorado cases construing this provision. The federal rules contain an identical provision [Rule 60(b)(6)] which has been construed by the United States Supreme Court. In *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949), the Supreme Court said that clause (6) [which is, as pointed out above, our clause (5)] is a residuary clause, covering extreme situations *not covered by the preceding clauses in the rule.* Furthermore, the reason alleged by the movant under Rule 60(b)(6), Federal Rules of Civil Procedure, must *justify relief. See 7 Moore's Federal Practice* ¶ 60.27[1] at 343 (2nd ed. 1978).

■ We find this reasoning to be persuasive. In the case at bar, the district court made a specific finding of mistake and what amounts to excusable neglect. These grounds for obtaining relief from judgment are covered by clause (1) of Rule 60(b). Therefore clause (5) is inapplicable.

Finding no grounds to uphold the district court's action, we hold that the district court acted in excess of its jurisdiction. Accordingly, we grant petitioner's request for relief in the nature of prohibition. Nothing in this opinion shall be interpreted to prevent a proper filing by plaintiff of an

---

[2] Because an independent equitable action, discussed *supra,* is not brought under Rule 60, the six-month time limit of 60(b)(1) and (2) does not apply. An independent equitable action must only be brought within a "reasonable time."

independent equitable action, so long as it is filed within a reasonable time.

Rule made absolute.