Bobby **FUKUTOMI** and **H.S.L. Suncrest Properties, Inc., Plaintiffs,**

v.

**J.A. SIEGEL** and **Walter A. Saunders, Defendants–Appellees,**

v.

**Lew S. McGINNIS, individually and as Debtor–in–Possession in the Bankruptcy Estate of Lew S. McGinnis, Defendant–Appellant.**

No. 88CA1513.

Colorado Court of Appeals, Div. II.

Nov. 16, 1989.

Daniel M. Winograd, P.C., Daniel M. Winograd, Colorado Springs, for defendants-appellees.

Holland & Hart, Raymond P. Micklewright and Christine M. Arguello, Colorado Springs, for defendant-appellant.

Opinion by Judge FISCHBACH.

Lew S. McGinnis, individually and as Debtor-in-Possession of his bankrupt estate, appeals the district court's default judgment against him and its refusal to set aside the default judgment, in which J.A. Siegel and Walter A. Saunders were adjudged sole owners of certain funds which had been interpled into the court registry. McGinnis raises two issues: First, that the trial court judgment is void *ab initio* because it violates the automatic stay that arose as a result of McGinnis' petition for Chapter 11 bankruptcy relief; second, in the alternative, that the trial court abused its discretion in failing to set aside the judgment pursuant to C.R.C.P. 55(c) and 60(b). We affirm.

The case arises from the following circumstances. In January 1980, McGinnis borrowed approximately $250,000 from Siegel, pledging his interest in a note and deed of trust as security. Siegel assigned a portion of his interest in the debt and its security to Saunders. The loan matured, McGinnis failed to repay or redeem it, and, asserting that McGinnis had agreed to waive any rights to the collateral if he failed to redeem the note by June 1, on June 17, 1985, Siegel and Saunders declared McGinnis' interest terminated. In October 1986, McGinnis filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Oregon.

On June 17, 1987, the parties owing on the note initiated an interpleader action to determine to whom the money should be paid. McGinnis, Siegel, Saunders, and several others were listed as defendants. Siegel and Saunders cross-claimed against the remaining defendants, asserting their claims were superior to all others. The amount of money due on the note was interpled into the court registry, the inter-

pleading party was discharged, and the case proceeded between the conflicting claimants.

McGinnis, citing statutes that conferred federal jurisdiction but without explaining what he sought to accomplish, filed a Notice of Removal of the case to the United States District Court and the United States Bankruptcy Court for the District of Colorado. Siegel and Saunders objected to the removal, requesting that the case be remanded to the state court. The United States District Court ordered that McGinnis' attorney file a brief providing certain information concerning the Oregon proceeding, but no brief was submitted. The District Court, concluding that "the right to pursue an interpleader action is not affected by the fact that one claimant is a debtor in bankruptcy [and that] the equities of the action [require that it] be adjudicated by the state court," remanded the case.

After McGinnis' attorney failed to respond to Siegel's and Saunders' claims that they were sole owners of the note proceeds, the state trial court entered a default judgment against him and ordered disbursement of the funds to Siegel and Saunders. McGinnis, alleging that the default judgment resulted from the gross negligence of his attorney and that he himself did not learn of the default for seven months thereafter, subsequently moved for relief from judgment pursuant to C.R.C.P. 55(c) and 60(b). The motion was denied, and McGinnis perfected this appeal.

## I.

McGinnis first asserts that the trial court's judgment is void because the entire proceeding giving rise to it was in violation of the automatic stay resulting from his petition for bankruptcy in the District of Oregon. Siegel and Saunders respond, first, that we are precluded from considering the automatic stay issue pursuant to the federal remand statute and the doctrine of *res judicata*, and second, that even if we are not so precluded, we should conclude that the district court correctly ruled that the instant interpleader action is unaffected by any automatic stay. We agree with Siegel and Saunders' latter contention that the interpleader is unaffected by any automatic stay.

■ Siegel and Saunders' argument that we are precluded from reviewing the issue is based on their analysis of the federal court's remand order. If the remand order were an unambiguous determination on the merits that any automatic stay was inapplicable to the interpleader action, we might be inclined to accept Siegel and Saunders' proposition. However, the record indicates that the parties had not presented the automatic stay issue to the federal district court, and the court did not explain to what extent its general statement concerning the relationship between interpleader and bankruptcy affected the remand order. Therefore, we decline to dispose of the automatic stay issue on this technical ground.

Instead, we reach the merits of whether the interpleader is affected by the automatic stay resulting from McGinnis' bankruptcy petition.

■ In relevant part, 11 U.S.C.A. § 362 (1979) provides that the filing of certain petitions in bankruptcy operates as an automatic stay on the commencement or continuation of proceedings against the debtor that were or could have been instituted before the commencement of the bankruptcy case, and on any act to obtain possession of property of the estate.

The purpose of the stay is to "reinforce the jurisdiction of the bankruptcy court over the debtor's assets and forestall the race to levy upon or make claims against the debtor's property with possibly inconsistent results." *Holland America Insurance Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir.1985). Consistent with this purpose, the stay applies only to acts that attempt to interfere with property actually in the debtor's estate at the time the petition for bankruptcy is filed. *National Cooperative Refinery Ass'n v. Rouse*, 60 B.R. 857 (D.Colo.1986); *see United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). Accordingly, the majority of federal courts that have

considered the issue have held that interpleader actions to determine the ownership to certain property are not subject to the automatic stay. *Holland America Insurance Co. v. Succession of Roy, supra; Dakota Livestock Co. v. Keim*, 552 F.2d 1302 (8th Cir.1977); *National Cooperative Refinery Ass'n v. Rouse, supra, Price & Pierce International, Inc. v. Spicers International Paper Sales, Inc.*, 50 B.R. 25 (S.D.N.Y.1985).

Contrary to McGinnis' argument, *NLT Computer Services Corp. v. Capital Computer Systems, Inc.*, 755 F.2d 1253 (6th Cir.1985), does not hold otherwise. In that case, NLT interpled funds into the court asserting that it owed funds to the bankrupt but, in the face of competing claims from various of the bankrupt's creditors, needed judicial guidance to distribute the funds. In reversing the district court's ruling that the action was not stayed, the court of appeals noted that the funds were indisputably the property of the bankrupt and, therefore, must be distributed in accordance with the bankruptcy plan. No interpleader action was necessary to determine ownership of the funds.

Here, in contrast, the interpleading party did not know who owned the funds. Siegel and Saunders asserted that they did. If they could prove that they "had actually acquired ownership of the funds prior to the filing of the proceedings in bankruptcy," the funds could not be part of the bankrupt estate. *See NLT Computer Services Corp. v. Capital Computer Systems, Inc., supra*.

Because the interpleader action did not involve distribution of funds indisputably owned by McGinnis at the time he filed for bankruptcy, but rather demanded a determination of ownership, we conclude that it was not subject to an automatic stay.

## II.

McGinnis also contends that the trial court erred in failing to set aside the default judgment against him pursuant to C.R.C.P. 60(b)(5) or on equitable grounds. Again, we disagree.

C.R.C.P. 60(b), in pertinent part, allows the trial court to set aside the judgment for "(1) [m]istake, inadvertence, surprise, or excusable neglect ... or (5) any other reason justifying relief from the operation of the judgment." Motions for relief under C.R.C.P. 60(b)(1) must be made not more than six months after the judgment was entered. All other motions under the rule must be made "within a reasonable time." Because McGinnis did not file his motion within 6 months of the default judgment, he could not rely on C.R.C.P. 60(b)(1). Instead, he cited C.R.C.P. 60(b)(5).

C.R.C.P. 60(b)(5) is "a residuary clause, covering extreme situations not covered by the preceding clauses in the rule" and the movant's reason for setting aside the judgment must justify relief. *Atlas Construction Co. v. District Court*, 197 Colo. 66, 589 P.2d 953 (1979) (emphasis omitted). The trial court's order on the motion may not be reversed absent an abuse of discretion. *Merrill Chadwick Co. v. October Oil Co.*, 725 P.2d 17 (Colo.App. 1986); *see Craig v. Rider*, 651 P.2d 397 (Colo.1982).

On appeal, McGinnis asserts that the default judgment should be set aside because his previous counsel was grossly negligent in failing to file certain court documents, including an answer to the interpleader complaint, and in failing to inform him of the default judgment. However, in his Motion for Relief from Judgment or Order submitted to the trial court, McGinnis alleged only that he had not been informed of the default judgment in a timely manner, not that his attorney was negligent in failing to file the answer or other court documents. While such lack of knowledge of the default judgment is relevant to whether a motion to set aside the judgment has been brought within a reasonable time, it has no bearing on the merits of the motion. Therefore, we conclude that the trial court did not err in determining that this circumstance was not sufficiently extreme to warrant relief under C.R.C.P. 60(b)(5). *See Sandoval v. Trinidad Area Health Ass'n*, 752 P.2d 1062 (Colo.App.1988) (repeated false assurances

by the court clerk that movant's case was proceeding not sufficiently extreme); *cf. Canton Oil Corp. v. District Court*, 731 P.2d 687 (Colo.1987) ("horrifying" juror misconduct based on perceived religion of judge and defendant is sufficiently extreme).

We note that in his brief McGinnis refers to an affidavit attached to his Supplement to Motion for Amendment of Findings or Judgment or Alternatively Motion for New Trial, which was submitted almost two months after the court had ordered that it would not set aside the judgment. In the affidavit, McGinnis alleged additional acts of negligence by his former counsel. In responding to this Supplement, the trial court did not consider the affidavit or the question whether, in light of the additional allegations, McGinnis' C.R.C.P. 60(b)(5) motion should have been granted. Because McGinnis does not appeal the trial court's ruling that his request for C.R.C.P. 60(b)(5) relief in his Supplement was "without authority," the allegations in the affidavit are not properly before us.

Finally, we reject McGinnis' contention that the trial court erred in not granting independent equitable relief irrespective of C.R.C.P. 60(b) pursuant to *Dudley v. Keller*, 33 Colo.App. 320, 521 P.2d 175 (1974). The *Dudley* case, unlike the case before us, was an independent equitable action. *See Atlas Construction Co. v. District Court*, *supra*.

Judgment affirmed.

SMITH and TURSI, JJ., concur.