**In re the Adoption of: P.H.A., a Child, Upon the Petition of C.P.A., Petitioner–Appellant,**

**and Concerning A.T.A., Respondent–Appellee.**

**No. 94CA1239.**

Colorado Court of Appeals, Division IV.

June 1, 1995.

Lee D. Warkentine, P.C., Lee D. Warkentine, T.R. Prater Sanderfer, Broomfield, for petitioner-appellant.

Martin & Mehaffy, Lawrence C. Rider, Boulder, for respondent-appellee.

Opinion by Judge NEY.

C.P.A. (adoptive father) appeals from a trial court order dismissing his motion for annulment of the adoption of his stepson. We affirm.

C.P.A. and A.T.A. (mother) were married on November 11, 1990. Six months after that marriage, C.P.A. filed a petition for adoption of mother's five-year old son, P.H.A. Mother consented to the adoption, and a final decree of adoption was entered on August 12, 1991. In October 1991, mother moved with her son to New York, where she had lived prior to the marriage, and has lived there on a permanent basis since that time.

■ On March 2, 1994, C.P.A. filed a motion to annul the adoption, seeking to have it set aside pursuant to C.R.C.P. 60(b). C.P.A.

alleged that the adoption had been induced by fraudulent acts and misrepresentations of mother which led him to believe that he, she, and the child would live together as a traditional family. On mother's request, the trial court dismissed the motion determining that it was barred by the two-year statute of limitations set forth in Colo.Sess.Laws 1987, ch. 138, § 19–5–214 at 811.

C.P.A. contends that the trial court erred in determining that the referenced statute applied to bar his motion. He argues that the statute bars attacks on adoptions that are premised on jurisdictional or procedural defects, not attacks based on fraud. We agree with this contention; however, we conclude that C.P.A.'s motion was not filed within the time prescribed by C.R.C.P. 60(b) and, therefore, was properly denied.

### A.

Colo.Sess.Laws 1987, ch. 138, § 19–5–214 at 811, which was in effect at the time of the adoption here, provides: "[N]o final decree of adoption shall be attacked by reason of any jurisdictional or procedural defect after the expiration of two years following the entry of the final decree."

As the language of the statute is clear and unambiguous, it must be interpreted as written. See In re Estate of David, 776 P.2d 813 (Colo.1989). The statute expressly provides that technical jurisdictional and procedural defects must be cured within two years of the final decree. See White v. Davis, 163 Colo. 122, 428 P.2d 909 (1967) (technical and procedural defects are those which do not constitute a violation of the parties' constitutional right to due process).

Had the General Assembly intended the statute to apply to attacks on adoption based on fraud as well as on those based on jurisdictional and procedural defects, it would have so provided.

Indeed, in a 1994 amendment to the statute, the General Assembly has, for the first time, made express provision for the limitation of attacks on final decrees of adoption based on fraud. See § 19–5–214(1), C.R.S. (1994 Cum.Supp.).

Thus, we conclude that the statute at issue does not apply to attacks on adoption based on fraud.

### B.

C.R.C.P. 60(b), as pertinent here, allows the trial court to set aside a judgment for "(2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . or (5) any other reason justifying relief from the operation of the judgment."

Motions for relief under C.R.C.P. 60(b)(2) must be filed within six months of entry of judgment, whereas motions for relief under C.R.C.P. 60(b)(5) must be filed within a reasonable time.

Because C.P.A. did not file his motion within six months of the entry of the final decree of adoption, he relies on C.R.C.P. 60(b)(5), arguing that his motion was filed within a reasonable time. However, the basis of C.P.A.'s motion was "the fraudulent acts and misrepresentations" of mother. Thus, C.R.C.P. 60(b)(5), which is "a residuary clause, covering extreme situations not covered by the preceding clauses in the rule," does not apply. Atlas Construction Co. v. District Court, 197 Colo. 66, 69, 589 P.2d 953, 956 (1979) (emphasis omitted); Fukutomi v. Siegel, 785 P.2d 147 (Colo.App.1989).

As C.R.C.P. 60(b)(5) is not applicable and the motion for annulment of the final decree of adoption was not filed within the time prescribed for motions filed pursuant to C.R.C.P. 60(b)(2), we conclude that C.P.A.'s motion was properly dismissed.

### C.

We reject father's contention that his motion for annulment was subject to the three-year statute of limitations set forth in § 13–80–101(1)(c), C.R.S. (1987 Repl.Vol.6A). As discussed above, the motion was filed pursuant to C.R.C.P. 60(b)(2) and thus, was subject to the time restrictions set forth in that rule.

Finally, because the motion was properly denied for having been untimely filed, the trial court was not required to address the

best interests of the child or the merits of the motion.

Order affirmed.

PLANK and RULAND, JJ., concur.