The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
October 24, 2019

**2019COA163**

**No. 18CA1447, *Kim v. Murray* — Civil Procedure — Time Limit for Service — Relief from Judgment or Order**

A division of the court of appeals holds that the district court erroneously set aside, under C.R.C.P. 60(b), a previous dismissal of the case for failure to timely serve process under C.R.C.P. 4(m) because (1) the time for moving to set aside the dismissal for excusable neglect under C.R.C.P. 60(b)(1) had expired; (2) even if the district court failed to comply with procedural requirements for dismissal under C.R.C.P. 4(m), the dismissal was merely voidable, not void, so the dismissal could not be set aside under C.R.C.P. 60(b)(3); and (3) counsel's neglect in failing to timely serve the defendant and failing to timely move to set aside the dismissal did not constitute extraordinary circumstances justifying reinstatement of the case under C.R.C.P. 60(b)(5). Accordingly, the division

reverses the judgment and remands for dismissal of the case with prejudice.

COLORADO COURT OF APPEALS                                    2019COA163

Court of Appeals No. 18CA1447
Jefferson County District Court No. 16CV31729
Honorable Margie L. Enquist, Judge

Jordan Murray,

Plaintiff-Appellee,

v.

Bum Soo Kim,

Defendant-Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE J. JONES
Fox, J., concurs
Tow, J., specially concurs

Announced October 24, 2019

Bendinelli Law Firm, P.C., Marco F. Bendinelli, Westminster, Colorado, for
Plaintiff-Appellee

Law Office of Robert B. Hunter, Christopher J. Metcalfe, Denver, Colorado, for
Defendant-Appellant

¶ 1 Defendant, Bum Soo Kim, appeals the district court's judgment and in particular its order denying his motion to dismiss the complaint of plaintiff, Jordan Murray. He argues that, under the particular facts of this case, the district court didn't have discretion to reinstate the case under C.R.C.P. 60(b) after the court had dismissed it without prejudice for failure to submit proof of service of process. Because we agree with Mr. Kim, we reverse the judgment and remand with directions to dismiss the case.

## I.   Background

¶ 2 Ms. Murray, through counsel, filed her complaint on November 8, 2016, asserting claims for negligence and negligence per se against Mr. Kim arising from a car accident. The next day, the district court issued a "Civil Procedure Order" that said (in all capital letters), "FAILURE TO COMPLY WITH ANY OF THE DEADLINES SET FORTH IN THIS ORDER MAY RESULT IN DISMISSAL WITHOUT FURTHER NOTICE." One of those deadlines required Ms. Murray to file a return of service of process within sixty-three days of filing the complaint pursuant to C.R.C.P. 4(m). Ms. Murray's counsel didn't submit proof of service by that time, and the court dismissed the case for that reason without prejudice

1

on January 13, 2017.[1]  The statute of limitations on the claims expired twelve days later.

¶ 3      On September 13, 2017 (243 days after dismissal), Ms. Murray's counsel filed a motion to reinstate the case.  The motion sought relief under C.R.C.P. 60(b)(3), or alternatively under C.R.C.P. 60(b)(5), arguing that the order of dismissal was void for failure to give Ms. Murray adequate notice in accordance with C.R.C.P. 121, section 1-10 and C.R.C.P. 41(b)(2), and that failing to reinstate the case would be "inequitable" because she would be "left without remedy."

¶ 4      Without giving Mr. Kim a chance to respond, the district court granted Ms. Murray's motion the same day:

> The Civil Procedure Order, had counsel read it, indicates that failure to comply with the Order will result in dismissal without prejudice without further notice.  This Court is not responsible for Plaintiff's counsel's failure to read or follow the Court's Orders.
>
> Nonetheless, this Court finds that justice would not be served by penalizing Plaintiff for [her] counsel's oversight.  Resolution on the

---

[1] The court entered the dismissal on the electronic, publicly available docket, but apparently didn't prepare or send a written order to the parties.

2

merits will not unduly prejudice the Defense. This case is reopened; Plaintiff to serve the Defendant's insurance company within 7 days' hereof and to thereafter actively prosecute this case in compliance with the C.R.C.P. and this Court's CPO.

¶ 5     Mr. Kim then moved to dismiss the case as barred by the statute of limitations and asked the court to clarify the legal basis for its reinstatement of the complaint. The district court denied Mr. Kim's motion to dismiss, explicitly finding that Ms. Murray had established excusable neglect: "[T]he Court finds that Plaintiff has met [her] burden of establishing excusable neglect for the delay, and that this action shall be reinstated in the interest of justice."

¶ 6     The case went to trial, and a jury returned a verdict in Ms. Murray's favor in the amount of $39,906.18.

## II.     Discussion

¶ 7     Mr. Kim contends that the district court lacked the discretion under Rule 60(b) to vacate its earlier dismissal for failure to comply with Rule 4(m). We agree.

### A.     Standard of Review and Preservation

¶ 8     We generally review a decision granting relief under Rule 60(b) for an abuse of discretion. *Goodman Assocs., LLC v. WP Mountain*

3

*Props., LLC*, 222 P.3d 310, 314 (Colo. 2010). A court abuses its discretion when it rests its decision on a misunderstanding or a misapplication of the law. *Harriman v. Cabela's Inc.*, 2016 COA 43, ¶ 19.

¶ 9 We review de novo, however, whether a judgment is void, and therefore eligible to be set aside under Rule 60(b)(3). *Goodman Assocs., LLC*, 222 P.3d at 314; *see also In re Marriage of Stroud*, 631 P.2d 168, 170 n.5 (Colo. 1981) ("[W]here the motion alleges that the judgment attacked is void, C.R.C.P. 60(b)(3), the trial court has no discretion. The judgment either is void or it isn't and relief must be afforded accordingly.").

¶ 10 We reject Ms. Murray's assertion that Mr. Kim failed to preserve this issue for appellate review. Mr. Kim preserved this issue through his motion to dismiss.[2] He raised the issue, and the district court ruled on it. *See Grant Bros. Ranch, LLC v. Antero Res. Piceance Corp.*, 2016 COA 178, ¶ 11 ("All that is needed to preserve an issue for appeal is for the issue to be brought to the district

---

[2] And we observe, again, that the district court didn't give Mr. Kim a chance to respond to Ms. Murray's motion to reinstate the case.

court's attention so that the court has an opportunity to rule on it.").

### B. Relief Wasn't Available Under Rule 60(b)

¶ 11    Rule 60(b) "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." *Canton Oil Corp. v. Dist. Court*, 731 P.2d 687, 694 (Colo. 1987) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2851, at 140 (1973)).  It does so by providing several limited bases for granting relief from a final judgment:

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

C.R.C.P. 60(b).

¶ 12    Relief under subsection (b)(1) for excusable neglect is available only if sought within 182 days of the final judgment.  *Id.*; *see also*

*Cavanaugh v. State, Dep't of Soc. Servs.*, 644 P.2d 1, 5 (Colo. 1982) (relief under Rule 60(b)(1) was unavailable because the plaintiff waited ten months before seeking reinstatement); *Atlas Constr. Co. v. Dist. Court,* 197 Colo. 66, 69, 589 P.2d 953, 955 (1979) ("The Colorado courts have strictly adhered to this time limit."). When that time has lapsed, a court is "without authority to reinstate the case or to provide further relief" for excusable neglect. *Love v. Rocky Mountain Kennel Club*, 33 Colo. App. 4, 6, 514 P.2d 336, 337 (1973).

¶ 13 Though Ms. Murray didn't expressly raise subsection (b)(1) as grounds for relief in her reinstatement motion, the district court's order granting relief relied on it: the court said it wasn't "responsible for Plaintiff's counsel's failure to read or follow the Court's Orders," and ruled that Ms. Murray shouldn't be "penaliz[ed] . . . for [her] counsel's oversight." And in denying Mr. Kim's motion to dismiss, the court said that Mr. Murray had "met [her] burden of establishing excusable neglect for the delay." Contrary to Ms. Murray's suggestion, the district court didn't even hint that it viewed the dismissal order as void. Nor did it indicate that it was relying on subsection (b)(5).

¶ 14    Ms. Murray wasn't entitled to relief for excusable neglect —

indeed, she could not obtain relief for excusable neglect — because

her counsel didn't seek reinstatement within the 182-day window.

It follows that the court erred by granting relief under subsection

(b)(1) of the Rule.

¶ 15    Nor is Ms. Murray entitled to relief under either subsection

(b)(3) or subsection (b)(5) of Rule 60.

¶ 16    Ms. Murray argues that the dismissal order was void under

subsection (b)(3) because the court didn't give her notice as

required by Rule 121 or Rule 41(b)(2).  That argument fails.

¶ 17    Subsection (b)(3) provides an avenue for relief from void

judgments.  A void judgment is one rendered without subject matter

or personal jurisdiction.  *Nickerson v. Network Sols., LLC*, 2014 CO

79, ¶ 9.  The district court clearly had jurisdiction over the subject

matter and the plaintiff, and Ms. Murray doesn't argue otherwise.

Whether the court complied with procedural prerequisites before

dismissing the case isn't an issue that implicates the court's

jurisdiction.  *In re Marriage of Stroud*, 631 P.2d at 170-71 (where

the district court had subject matter jurisdiction, order vacating

property disposition order wasn't subject to attack under Rule

60(b)(3) because, while the order may have been improper and thus *voidable*, it wasn't void); *see also First Nat'l Bank of Telluride v. Fleisher*, 2 P.3d 706, 710-12 (Colo. 2000) (lack of notice required by rule governing default judgments isn't a jurisdictional defect, and therefore doesn't render the underlying judgment void); *Monaghan Farms, Inc. v. City & Cty. of Denver*, 807 P.2d 9, 18 (Colo. 1991) (a merely erroneous judgment doesn't concern the court's subject matter jurisdiction); *Davidson Chevrolet, Inc. v. City & Cty. of Denver*, 138 Colo. 171, 174-75, 330 P.2d 1116, 1118 (1958) (distinguishing between an "irregular judgment," which is one entered contrary to required procedure and is not void, and a "void judgment," which is one "devoid of any potency because of jurisdictional defects only").

¶ 18      Further, the court's dismissal of Ms. Murray's complaint was governed by Rule 4(m), not Rule 121 or Rule 41(b)(2).  Under Rule 4(m), a district court "shall" dismiss the complaint if the plaintiff fails to serve the defendant within sixty-three days after filing the complaint.  It can do this, according to the rule, "on motion or on its own after notice[.]"

¶ 19    Ms. Murray doesn't argue on appeal, and didn't argue in the district court, that the district court failed to comply with any requirement of this rule. We don't need to decide whether the court complied with Rule 4(m) because, again, any failure by the district court to comply with any procedural requirement of that rule would render the order voidable, not void. So subsection (b)(3) doesn't apply in any event.

¶ 20    Nor do the facts bring this case within the purview of subsection (b)(5), the residuary provision. Subsection (b)(5) "has been construed to apply only to situations not covered by the enumerated provisions" to prevent it "from swallowing the enumerated reasons and subverting the principle of finality." *Davidson v. McClellan*, 16 P.3d 233, 237, 239 (Colo. 2001) (residuary provision "include[s] only extreme situations and extraordinary circumstances"); *see also Cavanaugh*, 644 P.2d at 5 (provision is narrowly construed to "avoid undercutting the preferred rule of finality of judgments"). Relief under Rule 60(b)(5) is limited to errors that are "very rare and very serious[.]" *Harriman*, ¶ 50.

¶ 21　　The circumstances of this case aren't of the extraordinary nature covered by the residuary provision. *See Davidson*, 16 P.3d at 237, 239 ("Changes in decisional law, even by the Supreme Court and even involving constitutionality, do not necessarily amount to the extraordinary circumstances required for relief pursuant to C.R.C.P. 60(b)(5)."). Rather, as the district court recognized, the facts of the case show nothing more than Ms. Murray's counsel's oversight: counsel failed to serve Mr. Kim with process, seek alternative means of serving Mr. Kim, or otherwise prosecute the case. This conduct fits (if anywhere) under the theory of excusable neglect, and for that reason as well doesn't fall within subsection (b)(5). *See Atlas Constr. Co.*, 197 Colo. at 69, 589 P.2d at 956 (where district court made a finding of excusable neglect, relief under subsection (b)(5) wasn't available); *Cooper Drilling, Inc. v. San Luis Valley Land Co.*, 743 P.2d 448, 449 (Colo. App. 1987) (a party may not argue excusable neglect under subsection (b)(5)); *In re Marriage of Seely*, 689 P.2d 1154, 1159 (Colo. App. 1984) ("[W]here the only grounds for relief established are those covered by either C.R.C.P. 60(b)(1) or (2), the six-month time limitation applicable to

10

these clauses may not be circumvented by reliance on other provisions of the rule.").

¶ 22　Lastly, Ms. Murray argues that the policy favoring resolving cases on the merits weighs in her favor. *See Todd v. Bear Valley Vill. Apartments*, 980 P.2d 973, 979 (Colo. 1999) ("[A] party should not be denied a day in court because of an inflexible application of a procedural rule."). But that policy doesn't trump the limitations of Rule 60(b). *Love*, 33 Colo. App. at 6, 514 P.2d at 337.

## III. Conclusion

¶ 23　We reverse the judgment and remand the case with instructions to dismiss the case with prejudice.

JUDGE FOX concurs.

JUDGE TOW specially concurs.

JUDGE TOW, specially concurring.

¶ 24  I agree that none of the provisions of C.R.C.P. 60(b) provides a basis for the trial court's decision to vacate the dismissal of the complaint in this case.  I also agree that, because the dismissal resulted from Murray's counsel's excusable (at most) neglect, any request for relief was required to be filed within 182 days.  C.R.C.P. 60(b)(1).  Because the request in this case was filed sixty-one days too late, the trial court lacked jurisdiction to grant the motion to reinstate.  Consequently, I concur in the judgment.

¶ 25  However, because I believe the circumstances of this case were avoidable — and yet common practices engaged in by some trial courts create similar circumstances with fair regularity — I write separately to urge either a change in practice or a change in the procedural rules.

¶ 26  As a threshold issue, I applaud the use of clear case management orders in an effort to ensure compliance with C.R.C.P. 16 and C.R.C.P. 16.1.  These orders, which often reiterate the deadlines established in the procedural rules, serve to reinforce those deadlines — at least to counsel and parties who read them. (And those who do not read them fail to do so at their peril.)

¶ 27    However, all too frequently, trial courts rely on boilerplate or

pro forma orders, issued immediately after a case is filed, and take

no further steps before dismissing the case.  "A boilerplate delay

reduction order issued within a matter of days of the filing date may

not serve the rule's intended purpose."  *Taylor v. HCA-HealthONE*

*LLC*, 2018 COA 29, ¶ 26.  In contrast, a delay reduction order

issued shortly before the time period for service under C.R.C.P. 4(m)

expires can serve "to spur counsel to action, with a warning that

the window for obtaining service is closing and that a failure to

meet the deadline might have dire consequences."  *Id.*

¶ 28    I do not believe that a boilerplate warning that failure to

comply with the pretrial order or with the rule-based deadlines

"may result in dismissal without further notice" is sufficient notice

under C.R.C.P. 4(m).  Such a warning is no more (and, indeed, may

be less) than the rule itself provides: "If a defendant is not served

within 63 days (nine weeks) after the complaint is filed, the court

. . . *shall* dismiss the action without prejudice . . . or order that

service be made within a specified time."  C.R.C.P. 4(m) (emphasis

added).  The use of the more permissive "may" in the trial court's

order is not notice that a particular procedural omission has

occurred or that dismissal is imminent. In fact, rather than provide specific and direct notice that the trial court will soon take action, the mere suggestion that the court "may" dismiss the case is equally likely to give counsel the impression that nothing will happen until some further notice is provided.

¶ 29    In my view, there is a better practice, regardless of whether the initial generic pretrial order is used: if the trial court is considering dismissal for lack of timely service under Rule 4(m), it should issue an order setting a specific deadline (whether it is the sixty-third day set forth in the rule or — as the rule permits — some later date) and clearly indicating that failure to provide proof of service by that deadline *will* result in dismissal without prejudice.[1]

¶ 30    More importantly, I am greatly concerned with the practice of dismissing a case without a written order, which the trial court did here. When dispositive actions are taken by the trial court without any record (whether announced in open court or memorialized in writing and served on the appearing parties), the chances of

---

[1] If such specific notice is not required by the clear language of C.R.C.P. 4(m), I urge the Colorado Supreme Court to consider amending the rule to make it so.

14

someone's interests being adversely affected without recourse are substantially increased.  For example, had a written order of dismissal been entered, counsel would have been on notice long before he was that the matter had been dismissed and closed, and that he needed to take steps to demonstrate good cause for extending the deadline or challenge the adequacy of the court's notice.[3]  Similarly, without a written order of dismissal or action taken on the record, it becomes much more difficult to calculate the deadline for seeking postjudgment relief, whether pursuant to C.R.C.P. 59 or 60 or by filing an appeal.

¶ 31    The act of dismissing a case without written or oral record is the functional equivalent of a judicial pocket veto.  It defies the transparency that lies at the foundation of our open and public justice system and can do nothing but engender suspicion and distrust of the judiciary among our customers and employers, the residents of this state.  The people of this state deserve better, and

---

[3] Of course, counsel does not explain why he waited eight months to take any action on the case, or even to review the case file to check on the status of the matter.  But if anything makes this neglect excusable, it is the fact that no written order of dismissal was ever issued or served.

15

whether by practice or rule, we ought to take steps to ensure that they get it.