The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
January 16, 2020

## 2020COA10

**No. 18CA2098, *Spiremedia v. Wozniak* — Civil Procedure —
Default — District Court Practice Standards — Default
Judgments**

A division of the court of appeals considers whether, when a

district court denies a motion for default judgment for failure to

comply with C.R.C.P. 55 and 121, section 1–14, the court is

required to explain the basis for its denial.  The division concludes

that Rule 121, section 1-14(2), requires the court to provide the

parties with a sufficient explanation to afford the moving party an

opportunity to identify and correct the deficiency, if it can.

The appellant filed two motions for default judgment, both of

which the district court denied for not complying with the

requirements listed in Rule 121, section 1-14.  When it denied both

motions, the district court did not provide any explanation as to

how the motions failed to satisfy section 1-14. Further, when the court denied the second motion for default judgment, it also dismissed the case for violation of the court's delay reduction order.

After reviewing the second motion, the division concludes that the motions were deficient. However, the division also concludes that the district court was obligated to provide an explanation as to how the motions failed to meet the requirements of Rule 121, section 1-14. Under Rule 121, section 1-14(2), when a court reviews a motion for default judgment, "[i]f further documentation, proof or hearing is required, the court shall so notify the moving party." The division concludes that, under this rule, a court is obligated to provide some explanation of how a motion for default judgment is deficient such that a party can identify and attempt to correct the deficiencies before the case is dismissed.

Because the district court didn't adequately articulate its basis for denying the motion for default judgment before dismissing the case, the division reverses the judgment and remands the case for further proceedings

Court of Appeals No. 18CA2098
City and County of Denver District Court No. 18CV30504
Honorable Brian R. Whitney, Judge

Spiremedia Inc., d/b/a Spire Digital,

Plaintiff-Appellant,

v.

Timothy Richard Wozniak, a/k/a Timmy Wozniak,

Defendant-Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE WELLING
Terry and Berger, JJ., concur

Announced January 16, 2020

Bighorn Legal, Jonathan Hagn, Englewood, Colorado, for Plaintiff-Appellant

No Appearance for Defendant-Appellee

¶ 1    Spiremedia Inc. appeals the district court's order denying its motion for default judgment and dismissing the case for violation of the district court's delay reduction order (DRO).

¶ 2    This case raises an issue of first impression: What is a court required to tell a party when it denies a motion for default judgment pursuant to C.R.C.P. 55(b) and 121, section 1-14, and dismisses a case for failure to comply with the rules?  We conclude that a court is required to identify the deficiencies in the motion that supports its decision, particularly before taking the extraordinary step of dismissing the case.  Such an explanation provides a party an opportunity to remedy the deficiencies in its motion.  Because the court here didn't adequately articulate its basis for denying the motion for default judgment before dismissing the case, we reverse the judgment and remand the case for further proceedings.

## I.    Background

¶ 3    On February 8, 2018, Spiremedia filed its complaint against Timothy Richard Wozniak for breach of contract and treble damages for a dishonored check pursuant to section 13–21–109(2), C.R.S. 2019.  Four days later, the district court issued a DRO, stating that "application for entry of default under C.R.C.P. 55(a) must be filed

1

within 14 days after default has occurred. . . . Motions for entry of default judgment must comply with C.R.C.P. 121, § 1-14." The DRO also warned (in bold and all capital letters) that "IF AN ATTORNEY OR PRO SE PARTY FAILS TO COMPLY WITH THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE."

¶ 4    On May 8, 2018, Spiremedia filed an affidavit of service attesting that Wozniak was served outside of Colorado on May 6, 2018. (Under C.R.C.P. 12(a)(2), a defendant served outside of Colorado has thirty-five days from the date of service to file an answer or other initial response.) Thus, Wozniak had until June 10, 2018, to respond to the complaint. By June 15, 2018, however, Wozniak had not filed any responsive pleadings or motion to dismiss, so Spiremedia filed a motion for default judgment under C.R.C.P. 55.

¶ 5    On July 11, 2018, the district court denied Spiremedia's motion for default judgment, stating only: "A motion for default judgment must comport with the requirements of C.R.C.P. 121, § 1-14. The Motion as filed does not do so, and is therefore presented in an improper format. Accordingly, the Motion is DENIED." The

court did not provide any explanation of those purported deficiencies.

¶ 6       Two days later, Spiremedia, apparently uncertain was deficienct about its first motion — but suspecting it may have been a failure to include an affidavit stating Wozniak is not a minor, incompetent, or a servicemember, *see* C.R.C.P. 121, § 1-14(1)(c) — refiled the motion for default judgment, this time adding what it referred to as an "affidavit equivalent" pursuant to the Uniform Unsworn Declarations Act (UUDA), § 13–27–104(1), C.R.S. 2019, averring compliance with C.R.C.P. 121, section 1-14(1)(c).

¶ 7       On September 10, 2018, the district court ruled on Spiremedia's second motion for default judgment as follows:

> Plaintiff previously filed a motion for default judgment on June 15, 2018.  That motion was denied for failure to comport with the requirements of C.R.C.P. 121 § 1-14.  The current Motion is substantially identical to that motion, with the addition of a[n] unnotarized affidavit regarding Defendant's servicemember status.  Thus, as with the prior motion, this Motion does not comport with C.R.C.P. 121 § 1-14, and is therefore presented in an improper format.  Accordingly, the Motion is DENIED.  Furthermore, because Plaintiff has twice filed the Motion in an improper format, Plaintiff is in violation of this

> Court's Delay Reduction Order.  The action is
> accordingly DISMISSED.

We will refer to this order as the Dismissal Order.

¶ 8    On September 19, 2018, Spiremedia filed a motion for reconsideration of the Dismissal Order.  It asserted that, after a review of the requirements for a motion for default judgment listed in C.R.C.P. 121, section 1-14, it was "unable to discern any substantive defect in the papers already filed with the Court."  And it told the court that, even if there was a defect, the court "has still never notified [Spiremedia] as to what 'further documentation, proof, or hearing is required' to resolve the Motion . . . ."  (Quoting C.R.C.P. 121, § 1-14(2).)  Thus, Spiremedia contended, the district court should vacate its order dismissing the case and either enter default judgment in its favor or "notify [Spiremedia] and its counsel as to the specific defect(s) with the Motion [for default judgment] under C.R.C.P. 121[,] § 1-14."

¶ 9    On October 11, 2018, the district court denied Spiremedia's motion to reconsider.  In its order, the district court said, without further explanation, that "[t]he supporting documents for both prior

4

motions were wholly incomplete for the purposes of default judgment, sworn or not."

## II.    Analysis

¶ 10    Spiremedia appeals both the Dismissal Order and the order denying its motion for reconsideration, raising two contentions. First, it asserts that the district court erred by denying its second motion for default judgment because it complied with C.R.C.P. 121, section 1-14. Second, Spiremedia asserts that, even if its second motion for default judgment was deficient, the district court erred by failing to notify Spiremedia as to what further documentation or proof was required for the motion to comply with the rules. While we disagree with Spiremedia's first contention — that its second motion for default judgment complied with C.R.C.P. 121, section 1-14 — we are persuaded by its second contention. Accordingly, we reverse the Dismissal Order and remand the case with instructions for the court to provide further explanation for the denial of the motion such that Spiremedia may, if possible, remedy the deficiencies.

## A. Appellate Jurisdiction

¶ 11    Before reaching Spiremedia's contentions, we must first consider our jurisdiction over this appeal, on our own accord if necessary. *See Allison v. Engel*, 2017 COA 43, ¶ 22 ("We must determine independently our jurisdiction over an appeal, nostra sponte if necessary." (first citing *People v. S.X.G.*, 2012 CO 5, ¶ 9; then citing *Meridian Ranch Metro. Dist. v. Colo. Ground Water Comm'n*, 240 P.3d 382, 385 (Colo. App. 2009))). At issue in this appeal are both finality and timeliness. We address each in turn.

### 1. Finality

¶ 12    With some exceptions not relevant here, we have jurisdiction only over appeals from final judgments. § 13–4–102(1), C.R.S. 2019; C.A.R. 1(a). Generally, "an order of dismissal without prejudice is not a final judgment" subject to appeal. *SMLL, L.L.C. v. Daly*, 128 P.3d 266, 268–69 (Colo. App. 2005).

¶ 13    The district court's Dismissal Order was silent as to whether the case was being dismissed with or without prejudice. Under C.R.C.P. 41(b)(3), "orders that do not so specify [whether the dismissal is with or without prejudice] shall be deemed motions for dismissal without prejudice . . . ." And, under C.R.C.P. 121, section

1-10(5), which provides the steps required for dismissal of an action under C.R.C.P. 41(b), "[a]ny dismissal under this rule shall be without prejudice *unless otherwise specified by the court.*" (Emphasis added.)  *See also* C.R.C.P. 41(b)(2) (requiring that orders of dismissal under this rule must comport with the requirements in C.R.C.P. 121, section 1-10).  Further, the district court dismissed the case for noncompliance with the DRO, which provided that "if an attorney . . . fails to comply with this order, the court may dismiss the case *without prejudice.*"  (Emphasis added.) Accordingly, though the Dismissal Order itself is silent, we conclude that it dismissed the case without prejudice.

¶ 14     Notwithstanding the general rule discussed above, a dismissal without prejudice is a final judgment if the statute of limitations period has expired or the dismissal otherwise results in prohibiting further proceedings.  *See SMLL, L.L.C.*, 128 P.3d at 268–69; *see also Golden Lodge No. 13, I.O.O.F. v. Easley*, 916 P.2d 666, 667 (Colo. App. 1996); *Wyler/Pebble Creek Ranch v. Colo. Bd. of Assessment Appeals*, 883 P.2d 597, 599 (Colo. App. 1994).

¶ 15     We conclude the Dismissal Order is a final, appealable order because the statute of limitations has run.  Spiremedia filed suit for

7

breach of contract and treble damages under section 13–21–109(2). The latter claim has a statute of limitations of two years from the date the cause of action accrues. § 13–80–102(1)(k), C.R.S. 2019. In its complaint, Spiremedia alleged that the statutory violation occurred on or around February 12, 2016, when Wozniak's check was allegedly dishonored. Thus, the statute of limitations on Spiremedia's statutory claim had run by February 12, 2018, just four days after the complaint was filed. And by the time the district court denied the motion for default judgment the second time and dismissed the action on September 10, 2018, the statute of limitations period for Spiremedia's statutory claim had expired nearly seven months earlier. Accordingly, the judgment was final for purposes of appeal. *See, e.g.*, *SMLL, L.L.C.*, 128 P.3d at 268–69.

## 2. Timeliness

¶ 16    Under Colorado Appellate Rule 4(a), a notice of appeal in a civil case must "be filed with the appellate court . . . within 49 days of the date of the entry of the judgment, decree, or order from which the party appeals." However, the forty-nine-day period does not begin to run if a party timely files — that is, within fourteen days of the final judgment — a motion under C.R.C.P. 59. C.R.C.P.

8

59(a)(3), (4); C.A.R. 4(a). If a party files a timely Rule 59 motion, the time to file a notice of appeal will begin to run once the district court enters an order either granting or denying the motion under C.R.C.P. 59, or, if the court does not rule within sixty-three days of the motion being filed, upon the expiration of the sixty-three-day period. C.R.C.P. 59(j); C.A.R. 4(a).

¶ 17    Here, the court entered its Dismissal Order on September 10, 2018. But the notice of appeal was not filed until November 5, 2018 — fifty-six days after the entry of the Dismissal Order. This appeal would be untimely under C.A.R. 4(a) as to the Dismissal Order unless the "motion for reconsideration" filed on September 19, 2018, was a motion under Rule 59. That is where we turn next.

¶ 18    Spiremedia's motion for reconsideration did not cite or otherwise reference C.R.C.P. 59, and C.R.C.P. 59 itself does not mention "motions to reconsider." *See Stone v. People*, 895 P.2d 1154, 1155 (Colo. App. 1995) ("A motion to reconsider is not specifically delineated in C.R.C.P. 59 . . . ."). But C.R.C.P. 121, section 1-15(11), does reference "motions to reconsider *other* than those governed by C.R.C.P. 59 or 60" (emphasis added), implying that motions to reconsider may also be recognized under Rules 59

and 60. Further, divisions of this court have repeatedly held that "[a] motion to reconsider may be treated as a post-trial motion under C.R.C.P. 59." *Bailey v. Airgas-Intermountain, Inc.*, 250 P.3d 746, 752–53 (Colo. App. 2010) (citing *In re Petition of Taylor*, 134 P.3d 579, 582 (Colo. App. 2006)). Additionally, the relief requested in Spiremedia's motion to reconsider fits squarely within Rule 59(a)(3) and (4) — to amend the findings and final judgment. Accordingly, we conclude that Spiremedia's motion to reconsider was a timely Rule 59 motion.

¶ 19 Therefore, Spiremedia's time to appeal the Dismissal Order only began to run once the district court entered its order denying the motion for reconsideration on October 11, 2018. This order reset the deadline within which Spiremedia could appeal the Dismissal Order to the same date as the cut-off for appeal of the order denying the motion to reconsider — November 22, 2018. C.A.R. 4(a). Thus, Spiremedia's notice of appeal filed on November 5, 2018, was timely as to *both* orders.

¶ 20 Satisfied that we have jurisdiction, we now turn to the merits of Spiremedia's contentions.

## B.    Merits

¶ 21    We review a district court's interpretation of the Colorado Rules of Civil Procedure de novo. *City & Cty. of Broomfield v. Farmers Reservoir & Irrigation Co.*, 239 P.3d 1270, 1275 (Colo. 2010) (first citing *People v. Shell*, 148 P.3d 162, 178 (Colo. 2006); then citing *Leaffer v. Zarlengo*, 44 P.3d 1072, 1078 n.6 (Colo. 2002); and then citing *Isis Litigation, L.L.C. v. Svensk Filmindustri*, 170 P.3d 742, 744 (Colo. App. 2007)). We use "commonly understood and accepted meaning[s]" of words to interpret the language of the Rules. *Id.*

¶ 22    Under C.R.C.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default." The party entitled to default may then apply to the court for the entry of default judgment in its favor pursuant to C.R.C.P. 55(b).

¶ 23    C.R.C.P. 121, section 1-14 lists the documents that a moving party must include with a motion for default judgment. C.R.C.P. 121, § 1-14(1)(a)–(g). Under this rule, the moving party must provide the court with the following:

11

(a) The original summons showing valid service on the particular defendant in accordance with Rule 4, C.R.C.P.

(b) An affidavit stating facts showing that venue of the action is proper. The affidavit may be executed by the attorney for the moving party.

(c) An affidavit or affidavits establishing that the particular defendant is not a minor, an incapacitated person, an officer or agency of the State of Colorado, or in the military service. The affidavit must be executed by the attorney for the moving party on the basis of reasonable inquiry.

(d) An affidavit or affidavits or exhibits establishing the amount of damages and interest, if any, for which judgment is being sought. The affidavit may not be executed by the attorney for the moving party. The affidavit must be executed by a person with knowledge of the damages and the basis therefor.

(e) If attorney fees are requested, an affidavit that the defendant agreed to pay attorney fees or that they are provided by statute; that they have been paid or incurred; and that they are reasonable. The attorney for the moving party may execute the affidavit setting forth those matters listed in or required by Colorado Rule of Professional Conduct 1.5.

(f) If the action is on a promissory note, the original note shall be presented to the court in order that the court may make a notation of the judgment on the face of the note. If the

> note is to be withdrawn, a photocopy shall be substituted.
>
> (g) A proposed form of judgment . . . .

C.R.C.P. 121, § 1-14(1); *see also Tallman v. Aune*, 2019 COA 12, ¶ 22.

¶ 24  If the district court finds, after reviewing the motion for default judgment, that "further documentation, proof or hearing is required, the court shall so notify the moving party." C.R.C.P. 121, § 1-14(2).

### 1. Spiremedia's Motions for Default Judgment Did Not Comply With C.R.C.P. 121, Section 1-14

¶ 25 Spiremedia first asserts that the second motion for default judgment complied with the requirements of C.R.C.P. 121, section 1-14. Spiremedia submitted its motion twice, with substantively the same documents except that the second motion included what it referred to as an "affidavit equivalent" pursuant to the UUDA attesting that Wozniak was not a minor, incompetent, or a servicemember to satisfy C.R.C.P. 121, section 1-14(1)(c). *See* § 13-27-104(1). Although Spiremedia speculated that the district court took issue with this affidavit substitute (and accordingly denied the motion for noncompliance with the rule's affidavit requirement), the

district court's order on the motion to reconsider seems to suggest some other defect because, in denying the motion to reconsider, the court said "both motions were *wholly incomplete* for the purposes of default judgment, *sworn or not.*"  (Emphasis added.)

¶ 26     Though, as we will discuss below, the district court's articulated rationale is lacking, we agree with the district court that both of Spiremedia's motions for default judgment were deficient. After a cursory review of both motions, we have found that, at a minimum, the attorney fees request is deficient.  Spiremedia's attorney fees request was listed as a lump sum of $1980.00 without "setting forth those matters listed in or required by Colorado Rule of Professional Conduct 1.5."  C.R.C.P. 121, § 1-14(1)(e).  Further, the attorney fees request is unsupported by an affidavit of counsel.  *Id.* On this basis alone, we must disagree with Spiremedia's contention that its motions were "wholly compliant with C.R.C.P. 121, section 1-14," and we need not decide whether there are further deficiencies.  Accordingly, the district court did not err by concluding that the motions were deficient.

¶ 27     But before we move on to the next issue, we address an issue that is likely to arise on remand — namely, whether an unsworn

declaration that complies with the UUDA satisfies section 1-14's affidavit requirements. In its second motion for default judgment, Spiremedia included an unsworn declaration attesting to certain matters required to be addressed by Rule 121, section 1-14. The unsworn declaration was not an affidavit, but it did comply with the UUDA, § 13-27-104. Although whether perceived noncompliance with section 1-14's affidavit requirement contributed to the district court's denial of Spiremedia's motion for default judgment is unclear, because this question is likely to arise on remand, we address the issue of whether compliance with the UUDA satisfies the affidavit requirement of Rule 121, section 1-14. We conclude that it does. The UUDA provides that "if a law of this state requires or permits use of a sworn declaration in a court proceeding, an unsworn declaration meeting the requirements of [the UUDA] has the same effect as a sworn declaration." § 13-27-104(1). This provision is subject to five enumerated exceptions, none of which applies to the motion for default judgment in this case. *See* § 13-27-104(2).

¶ 28     We now turn to the matter of how the district court explained its denials.

15

### 2. The District Court Erred in Denying Spiremedia's Motion for Default Judgment Twice Without Providing a Sufficient Rationale Such That Spiremedia Could Correct the Defects

¶ 29    Spiremedia's second contention is that when a court denies a motion for default judgment, Rule 121, section 1-14(2) requires a court to explain how the motion was deficient and that the district court erred by failing to do so before dismissing the case.  We agree.

¶ 30    Regardless of what deficiencies may be in a moving party's motion for default judgment, under C.R.C.P. 121, section 1-14(2), "[i]f further documentation, proof or hearing is required, the court shall so notify the moving party."  To address Spiremedia's contention, we must construe the meaning of "notify."

¶ 31    C.R.C.P. 121, section 1-14 does not define "notify" or specify what is required for the notice to be adequate.  But the 2006 comment to C.R.C.P. 121, section 1-14, explaining the rationale for adopting the practice standard, provides guidance.  It explains that, before the addition of this provision,

> [o]ne faced with the task of attempting to obtain a default judgment usually found themselves making several trips to the courthouse, numerous phone calls[,] and redoing needed documents *several times*.  The Practice Standard is designed to minimize both court and attorney time.

16

(Emphasis added.)

¶ 32     The principal purpose of including granular detail in section 1-14 is to streamline the process of obtaining a default judgment. Section 1-14 does so by providing direction to and imposing obligations on both the parties and the court. On the one hand, the detailed requirements enumerated in section 1-14(1)(a) through (g) provide counsel or a pro se party with a meticulous procedure for assembling and filing a compliant motion for default judgment. Still, as any judicial officer who has presided over a civil docket for even a short time knows all too well, these itemized requirements do not always result in perfect compliance. So, to achieve the efficiencies envisioned in the comment to section 1-14, subsection (2), also requires the court to "so notify" a party of the reason or reasons it is denying a noncompliant motion for default judgment — not simply to notify the party of the fact of denial. And the need for an explanation is all the more acute when denial is accompanied by dismissal. *Cf. Murray v. Bum Soo Kim*, 2019 COA 163, ¶ 30 (Tow, J., specially concurring) (noting that when a district court summarily dismisses a case with little explanation of its rationale, "the chances of someone's interests being adversely affected without

17

recourse are substantially increased"); *Koh v. Kumar*, 207 P.3d 900, 901–02 (Colo. App. 2009) ("A court errs when it sua sponte dismisses a complaint without providing the parties with thirty days written notice and an opportunity to show cause in writing why the action should not be dismissed." (first citing C.R.C.P. 41(b)(2); then citing C.R.C.P. 121, § 1-10(2))).

¶ 33    We don't envision the requirement that notice under subsection 1-14(2) include an explanation will impose an appreciable additional burden on the district courts beyond that already borne. After all, the district court is already tasked with assessing on its own whether a motion for default judgment complies with subsection 1-14(1). Subsection 1-14(2) requires that the district court take just one more step: inform the parties of the defect that led it to deny the motion. This step ensures that the moving party has sufficient information to remedy the issue without engaging in a potentially fruitless guessing exercise — one that serves only to frustrate both the court and the moving party.

¶ 34    The bare-bones orders of the district court in this case resulted in the frustrating problem that section 1-14 sought to avoid — the moving party was left guessing as to the deficiencies in

18

its motions and it resubmitted documents in an (ultimately fruitless) attempt to finally get it right. Not only that, but the district court took the extraordinary step of dismissing the case with no mention of how Spiremedia went wrong.

¶ 35 Because we conclude that the court erred by dismissing the case without notifying Spiremedia of (and affording it the opportunity to correct) the deficiencies in its second motion for default judgment, we need not reach the issue whether the court abused its discretion by denying the motion to reconsider.

### III. Conclusion

¶ 36 For the reasons set forth above, we reverse the judgment of dismissal, reinstate the complaint, and remand with instructions for the district court to reconsider its denial of the motion for default judgment. If the court again denies the motion, it must explain why it does so — by citing to the subsection(s) of C.R.C.P. 121, section 1-14(1) that the motion fails to satisfy — and give Spiremedia a reasonable opportunity to remedy any identified deficiencies, if it can.

JUDGE TERRY and JUDGE BERGER concur.

19